## BOLIVAR COUNTY *v.* M. W. COLEMAN ET AL.

1. SCHOOL-LANDS. *Bill to confirm title.* *Code* 1892, § 4147.

By § 4147, code 1892, it is the duty of boards of supervisors to institute *all* necessary suits, to confirm title to sixteenth sections, and to fix the date of the expiration of leases thereof, and to do this *at once* where persons claim any of said lands in fee or upon any other terms than that of a lease to expire at a fixed date, with absolute reversion in trust to the state, or if the title to such land rest in parol, by destruction of records or otherwise.

2. JUDGMENT. *Court of limited jurisdiction.* *Presumption.*

No presumption is indulged in favor of a court of limited and special jurisdiction, and, where the jurisdictional facts do not appear of record, its judgments are void. *Root* v. *McFerrin*, 37 Miss., 17.

3. SAME. *Lease of school-lands.* *Jurisdiction of supervisors.* *Code* 1880, § 732.

In a proceeding under § 732, code 1880, to lease sixteenth section school-lands, boards of supervisors exercised a special and limited jurisdiction, and, if the record of the proceedings by the board under said section failed to show that a majority of resident heads of families petitioned for the leasing, the order of the board therefor and the lease are void.

4. CHANCERY PLEADINGS. *Exhibit.* *Copy of deed.* *Marginal notation.* *Demurrer.*

Where a bill recites execution of a deed and makes a copy thereof an exhibit, the court will not, on demurrer, notice an entry thereon purporting to be a copy of the notation by the clerk on the margin of the record, showing satisfaction of a lien for the purchase-money, the bill being silent as to this.

FROM the chancery court of Bolivar county.

HON. W. R. TRIGG, Chancellor.

Bill by Bolivar county against M. W. Coleman and others to confirm title to a sixteenth section of school-lands and to cancel the claim of defendants, who held under a lease for ninety-nine years executed by the president of the board of supervisors of said county on January 4, 1886. The main

ground of invalidity urged against the lease is that the record of the proceedings by the board of supervisors, under which the section was appraised and leased, does not show that a majority of the resident heads of families petitioned for the leasing of the land as required by § 732, code 1880.

After stating the execution of the lease by the president of the board of supervisors, the bill recites that the conveyance is recorded in a designated book and page of the records of said county, and "a copy of the same is filed herewith, marked 'Exhibit E,' and prayed to be taken and considered part of this bill." On the copy of the lease, as it appears in the transcript, and just below the indorsement of filing for record, the following entry appears, purporting to be copied from the margin of the page of the record-book on which the lease is recorded:

"Satisfied, and lien canceled by authority this day recorded in book 'W W,' page 8, of the records of Bolivar county, this twenty-fourth April, 1891.

"T. R. McGUIRE, *Clerk.*
"W. A. SHELBY, *D. C.*"

The bill was demurred to on grounds the nature of which appear from the opinion. Demurrer sustained; complainant appeals.

*O. G. McGuire* and *N. B. Scott,* for appellant.

The provision of § 4147 for the bringing of certain suits immediately, was not intended to limit the previous provisions of the section requiring the board to bring all necessary suits to establish title to school-lands.

The bill, on its face, shows that the lease is void. The board of supervisors acted under delegated authority, and any one dealing with the land was bound to take notice of the limit of its power. The jurisdiction conferred by § 732, code 1880, was special and limited, and the jurisdictional facts must appear of record. *Ballard* v. *Davis*, 31 Miss., 525; *Hawkins* v. *Carroll*, 50 *Ib.*, 735. Hence, the

failure of the record to show a petition by a majority of the resident heads of families for the lease of the land, renders the order void.    See also 4 Am. & Eng. Enc. L., 386; *Woodruff* v. *Okolona*, 57 Miss., 806; *Rogers* v. *Hahn*, 63 *Ib.*, 578; *Murdock* v. *Chaffe*, 67 *Ib.*, 740.

*Fred Clark*, for appellees.

The demurrer was properly sustained.    Section 4147, code 1892, does not contemplate that every one who holds under a lease of sixteenth sections shall be brought into court and compelled to litigate in respect thereto.    The only purpose of the section is to require suits to be brought where the title is in doubt, and to have clouds removed, so that it could be told what lands are in the hands of the school-officials for sale.    If the records already disclose a good title in the holder of the lease, no suit is necessary or authorized to establish the title.    The bill clearly shows an indefeasible lease to defendants.

All the requirements of § 732, code 1880, appear to have been complied with.    It is not necessary that the record affirmatively show a petition by a majority of the resident heads of families.    It is sufficient that the petition shall actually be signed by a majority of the resident heads of families in the township.    It is not charged in the bill that this was not done, and the courts will presume, in the absence of proof to the contrary, that the board of supervisors did this duty.    *Leavenworth* v. *Crittenden*, 62 Miss., 573.

The bill shows that complainant received the purchase-money for the lease.    It cannot now obtain cancellation without doing equity by returning the purchase-price.

Argued orally by *Fred Clark*, for appellees.

WOODS, J., delivered the opinion of the court.

1. The construction placed by counsel for appellees upon § 4147, code 1892, is unsound.    The statute makes it the duty

of the board of supervisors to institute all necessary suits to establish and confirm the title to the sixteenth section lands, and to fix the date of the expiration of any lease of the same, and then, in addition, directs certain classes of these necessary suits to be instituted immediately. The necessary suits are not to be confined to cases in which persons claim any of said lands in fee-simple, or upon any other terms than that of a lease to expire at a fixed date, with absolute reversion to the state in trust, or when the title to said lands rests in parol, by destruction of records or otherwise, but suits in these cases must be begun at once. The view contended for by counsel for appellees would make unassailable the most flagrantly fraudulent claim, if it only appeared to rest on a lease to expire at a fixed time, and this would largely frustrate the very object sought to be obtained by the statute.

2. The bill charges the invalidity of the leases in this case, by reason of the failure of the records of the board of supervisors to show the jurisdictional facts necessary to have existed as a prerequiste to the action of the board in leasing the lands. The substantial averment of the bill is that the record of the board of supervisors nowhere shows that a majority of the resident heads of families (minors and females not excepted) ever petitioned the board to lease the lands involved in this litigation, as required by § 732, code of 1880, and that the absence from the record of the proceedings and judgments of the board of supervisors of this jurisdictional fact renders the action complained of nugatory.

It was not in the exercise of its general jurisdiction that the board of supervisors acted when the leases were made, whose cancellation is now sought, but of a limited and special jurisdiction, to be exercised in a particular manner, as prescribed by § 732. Being a court of record, the requisite facts to show this special jurisdiction and its lawful exercise must appear of record. The judgments of courts of limited and special jurisdiction, exercisable in a particular manner, are not, in and of themselves, evidence of jurisdiction and

its lawful exercise. In cases of this character, the jurisdictional facts must be shown on the face of the record. *Byrd v. State,* 1 How., 163; *Root v. McFerrin,* 37 Miss., 17; *Scott v. Porter,* 44 *Ib.,* 364.

The rule is so universally recognized that any discussion of the topic is needless. Nor do we at all understand counsel for appellees to dissent from its correctness. His contention is that the jurisdictional fact of a petition by a majority of the resident heads of families is not denied by complainant's bill, and that it may be inferred or presumed. But this begs the question. The very point involved is that no presumption in favor of jurisdiction and its rightful exercise can be entertained in considering the proceedings of courts of limited and special jurisdiction. The presumption does arise in favor of judgments of courts of general jurisdiction, proceeding within the general scope of its powers, but there is no such presumption in favor of judgments of inferior courts, exercising a special jurisdiction in a particular manner, prescribed by the authority from which the power to act is derived.

3. There is not the slightest intimation in the bill of complaint as to the payment of the money stipulated to be paid for the lease of the lands. Nor does the written lease made by Ringo, the president of the board of supervisors, to respondent, Coleman, which the bill refers to as "Exhibit E," show any thing as to payment of money made. It was this lease from Ringo to Coleman, and not the notation made by the clerk of the board on the records of his office, which was made an exhibit. The question sought to be raised by the third cause of demurrer is, therefore, not yet really before us.

*Decree reversed, demurrer overruled and cause remanded, with leave to plead or answer within thirty days after mandate filed in court below.*