WILLIAM DAVID LESTER v. R. P. MILLER, SHERIFF, ETC.

1. Board of Supervisors. *Limited jurisdiction.* Code 1892, § 1610, *Local option election. What record must show.*

The board of supervisors exercises a limited jurisdiction in ordering a local option election; and, if its record does not contain a recital of the necessary jurisdictional facts, or that these facts were shown to the satisfaction of the board, the order, and the election held thereon, will be void.

2. Same. *Void judgment. Collateral attack. Lapse of time.*

A void judgment may be disregarded collaterally, and the lapse of time will not help its invalidity.

FROM the circuit court of Sunflower county.

HON. F. A. MONTGOMERY, Judge.

Lester, the appellant, was plaintiff in the court below. The case arose from the following facts: In 1893 a petition for a local option election, signed by a goodly number of the qualified electors of Sunflower county, was presented to the board of supervisors of that county; the election was ordered; commissioners to hold the same appointed; the election held, resulting "against the sale" of intoxicating liquors. This result was duly returned and properly recorded. In 1898 appellant, Lester, presented a petition for license to sell liquors in regular form to the municipal authorities of the village of Baird, in said county, and, having secured such license, in so far as the village authorities were authorized to grant it, presented the same to the sheriff, tendering the amount necessary to be paid; but the sheriff refused to accept the money and issue the privilege tax license, on the ground that an election had been held and resulted "against the sale." Whereupon Lester filed a petition for mandamus to compel the sheriff to issue the license, showing that nowhere in the proceedings leading to and resulting in the local option election does it appear that one-third of the qualified electors of the county had petitioned for the election, or that the supervisors had adjudged such to be the fact, and he contended that the election was therefore void. Mandamus was denied and Lester appealed.

*Baker & Moody* and *McWillie & Thompson*, for appellant.

This case, in our judgment, presents but one question, and, we think, no matter what the decisions of other courts may be, and without reference to the original force of the argument of our adversary, that a determination of that question against appellant will involve the overruling of several decisions of this court. The doctrine of *stare decisis* forbids this, and is stronger than any argument adverse to us that can be made in the cause. . The question is whether the record of the proceedings of the

board of supervisors, ordering a local option election, under the code, is void if it does not show that the petition, upon which the election was ordered, was signed by one-third of the qualified voters of the county. Code 1892, § 1610.

The appellant affirms that such a record is void; that an election ordered thereon did not and could not put the local option law in force, and that the proceeding by mandamus to compel the sheriff to act upon his grant of license to sell intoxicating liquors, as the law requires that officer to do had no election been held, is regular and authorized by law. In maintenance of this position, we advance the following propositions:

1. The board of supervisors, in ordering a local option election, exercises a limited and special jurisdiction, and is not a court of general jurisdiction. Its general jurisdiction is defined by sec. 170, const. 1890, and by statute, § 289, code 1892. The board did not act, in ordering the election, under the above cited sections, but it did act under § 1610 *et seq.*, code 1892, and was, therefore, as has been several times decided by this court, exercising a limited and special power. *McGee* v. *Beall*, 63 Miss., 455; *McCreary* v. *Rhodes*, 63 Miss., 308; *Ferguson* v. *Monroe Co.*, 71 Miss., 524–535; 12 Enc. Plead. & Prac., p. 176, and notes; *Ib.*, 177.

2. An order of the board of supervisors, in the exercise of a special and limited power, is void unless the record of the proceedings shows the existence of the necessary jurisdictional facts, or that they were established, to the satisfaction of the court, on the hearing of the allegation and proofs submitted to it. *Root* v. *McFerrin*, 37 Miss., 17–47; *Bolivar County* v. *Coleman*, 71 Miss., 832; *Marks* v. *McElroy*, 67 Miss., 545–547.

3. A local option election has no force unless the order authorizing it to be held be valid. *Harris* v. *State*, 72 Miss., 960; *Madison County* v. *Powell*, 75 Miss., 762.

4. If the order on which the election was held was void, like any other void judgment, it may be disregarded even collaterally; does not derive any validity from a failure, even for

several years, to have it vacated.  *McComb* v. *Ellett,* 8 Smed. & M., 505; *Kramer* v. *Holster,* 55 Miss., 243; *Harris* v. *State,* 72 Miss., 960; 12 Enc. Pl. & Pr. 201, 202, 204, 213.

If the foregoing propositions be correct, it follows that the judgment appealed from should be reversed.  This conclusion is incontestable under the authority of *Harris* v. *State,* 72 Miss., 960.  That case, like this one, was a proceeding by mandamus against the sheriff to compel the issuance of a license to sell intoxicating liquors.  There the order upon which a local option election was held was void; here the *order is void,* not merely irregular or voidable, if the cases cited are not to be overruled.

The first point made in the brief of our adversaries, that the rule that the order of the board is void, unless it shows affirmatively the necessary jurisdictional facts, has no application if the board is authorized by the statute to ascertain and determine their existence, is supported by decisions in other states, but it is contrary to our own case of *Bolivar County* v. *Coleman,* 71 Miss., 832, for the statute there construed gave affirmatively the power to make the investigation and determination, and in these particulars is exactly like § 1610, code 1892.

The second point made for appellee, that the doctrine has no application in a private suit, where the complainant seeks a mere privilege, etc., is conclusively answered by the authority of *Harris* v. *State,* 72 Miss., 960.

The public nature of the election is no reason for withholding a reversal.  The fear that some other litigant may hereafter so mismanage his suit as to bring about variant decisions ·ought not and will not deter this court from a correct determination of a purely legal question.

*Campbell & Starling,* for appellee.

We recognize the rule, as applied in numerous cases in this state, and elsewhere, to inferior courts, and courts exercising statutory powers not according to the course of the common law, that the jurisdictional facts must be shown upon the face

of their proceedings or records, and, if not, that their judgments will be void and may be collaterally attacked. But this rule, so far as our researches have extended, has always been applied to judgments *inter partes* or where merely private interests of the litigants were involved. It has not been applied, and does not apply, in statutory proceedings, to such jurisdictional facts as the tribunal in which the proceedings are had is authorized by the statute to ascertain and determine before it can act; and it should not be applied, we respectfully submit, in favor of a party who, in a private suit, seeks to enforce a mere privilege in opposition to the will of the public as expressed at the polls. Section 1610, code of 1892, requires the board of supervisors of any county to order an election, upon application of one-third of the qualified electors of the county, by petition in writing, signed by them. It does not require the petition to recite, nor the record of the board to show, that the petitioners constitute one-third of the qualified electors, but, whether or not the petition has been signed by the requisite number, and whether or not the signers are qualified electors of the county, are facts to be ascertained and determined by the board of supervisors. *Ferguson* v. *Monroe County*, 71 Miss., 524.

It is the petition in writing that gives the board jurisdiction to take the first step in the matter, and the first step is to ascertain and determine the fact that it is signed by the requisite number of qualified electors, and if, on investigation, it appear to the board that one-third of the qualified electors of the county had signed the petition, the election should be ordered. *Ferguson* v. *Monroe County, ubi supra.* This fact must exist to authorize the board to proceed further, to be sure, but its existence need not be made to appear on the records of the board. If the election prayed for in the petition be ordered by the board, it will be presumed, in a collateral proceeding, that the petition was signed by the requisite number of electors.

In Freeman on Judgments, section 523, we find this statement:

" Statutes are in force in many of the states under which boards
of supervisors or other local authorities are authorized to direct
certain public improvements to be done, upon receiving a peti-
tion, signed by a designated number of persons; and, after a
petition has been presented and acted upon, and the work done,
or ordered to be done, the whole proceedings may be attacked on
the ground that the petition was not signed by the requisite num-
ber of persons, and if such is the case, and the attack is permissi-
ble, it is evident that the action of the board-is absolutely void for
want of jurisdiction.     If, from the statute under which action has
been taken, it is apparent that the board, or other authority to
which the petition was presented, was required to ascertain and
determine whether the petition was signed by the requisite num-
ber of persons, then the filing of a petition gives the board juris-
diction to proceed to determine whether it is properly signed, as
well as every other fact necessary to the granting of the prayer
of the petition, and it is not necessary that the record of the
board should show an express finding upon such facts.     Such
finding will be presumed in support of the proceedings, if the
record show an order granting the petition, or for the taking of
the steps necessary to the accomplishment of the end designed."

In the notes subjoined to *Morrill* v. *Morrill*, 23 Am. St. Rep.,
114, it is said: " Though the court is one of inferior jurisdic-
tion, if it has the authority to inquire concerning the existence
of some jurisdictional fact, and to determine whether it existed
or not, its determination on this subject is as conclusive as any
other, and cannot be assailed collaterally, and such determina-
tion need not appear in express terms, but will be implied, if
the tribunal proceeds to take such action as could properly be
taken only after it had made the requisite inquiry and found
that the jurisdictional fact existed." To the same effect is the
case of *Leonard* v. *Sparks*, 117 Mo., 103, s.c. 38 Am. St.
Rep., 646.

The cases of *Corbett* v. *Duncan*, *McCreary* v. *Rhodes* and
*Rogers* v. *Hahn*, 63 Miss., 84, 308 and 578, were all direct

attacks upon the proceeding of the board of supervisors, and do not oppose the position which we take in the case at bar; and, while the language of the court, in *Bolivar County* v. *Coleman*, 71 Miss., 832, is broad enough to discountenance our view, we respectfully submit that the decision in that case is not adverse to our position in the case at bar. That case was rather a direct attack than a collateral one, and between the parties to the judgment, so to speak, the vendor or trustee seeking to cancel the title that he had made to his vendee. The board of supervisors in that case had acted in a trust or ministerial capacity, and not in a judicial capacity, and, in order to confer a good title, the conditions essential to the exercise of its powers must affirmatively appear, even though those conditions rest *in pais*. *Phillips* v. *Burrus*, 13 Smed. & M., 31; *Davany* v. *Koon*, 45 Miss., 71. In the case at bar the board of supervisors, in ordering the election, acted judicially.

But, if mistaken in our position thus far assumed, we respectfully submit that the rule applied to inferior courts, as to jurisdictional facts appearing on the face of their records, should not be applied in the case at bar, because of the public nature of the matter, and the evident intention of the legislature in submitting the question of local option to the voters of a county. The chief aim of the legislature in passing the local option law was to submit its enforcement or nonenforcement to the will of the qualified electors, at an election to be ordered by the board of supervisors, and to make the report of the commissioners of the election, after canvassing, determining and declaring the result, final and conclusive as to all matters, at least, which the legislature does not require to be manifested of record.

The decision in *Harris* v. *State*, 72 Miss., 960, does not contravene this view, for, in that case, the election was ordered by the members of the board of supervisors sitting elsewhere than at the courthouse, and, consequently, they were not a legal tribunal, they did not constitute the board of supervisors, and

their order for the election had no more effect than if it had been ordered by the clerk or the sheriff. In that case there was no question as to the regularity of the report of the commissioners as to the result of the election, but the other essential feature—the order of the board of supervisors—was wanting. From the style of that case, it would seem that the petition for the mandamus was in behalf of the state, and that it was brought with the idea that the matter involved affected public interests; and we do not consider the decision in that case as adverse to our position in the case at bar. In that case it was admitted by counsel that the order for the election was made by the board elsewhere than at the courthouse. Now, suppose that case had been brought by Dolan, the dram-shop man therein mentioned, in his own private capacity, and on the admitted state of facts the election was held to be void, and, as the result, he obtained his license to sell intoxicating liquor, and that afterwards another person should bring a suit to enforce the issuance to him of a license, and he employed different attorneys, and it was made to appear that, as a matter of fact, the board did sit at the courthouse when it ordered the election, the election, so far as that point is concerned, would be held valid. The consequence would be that the same election on one state of facts would be held void, and on the other state of facts valid, and Dolan, the dram-shop man in the first case, would be selling intoxicating liquors contrary to the result of a valid election and the law upon that subject. The legislature has made the right to sell intoxicating liquors, under the local option law, depend upon " the legal votes cast at the election," and not upon the pleadings or agreed state of facts, or the verdict of the jury or the judgment of a court upon a controverted state of facts, as to matters not required by the legislature to appear upon the record of the board of supervisors. To avoid such a predicament as has been supposed, and as is likely to occur in such cases, it should be held, we humbly submit, that the result of a local option election, when reported by the com-

missioners and spread upon the minutes of the board of super-visors, cannot be attacked collaterally in a private suit.

Argued orally by *R. H. Thompson*, for appellant.

WOODS, C. J., delivered the opinion of the court.

The five assignments of error, as well as the several plead-ings in the court below and the action of that court, present really but one question, viz., was the proceedings of the board of supervisors in ordering the local option election void by rea-son of the failure of the record made by the board in such pro-ceedings to show that the petition upon which the election was ordered was signed by one-third of the qualified electors of the county ?

That the board of supervisors was exercising a limited and special jurisdiction, or authority, in ordering the election, is well settled by the adjudications of this court, the latest of which is the case of *Ferguson* v. *Monroe County*, 71 Miss., 524.

It has long been settled in this state that an order of a tri-bunal exercising a special authority or limited jurisdiction is void unless its record contains a recital of the necessary juris-dictional facts, or that these facts were shown to the satisfac-tion of the tribunal on hearing of the case and before the order was made. The distinction to be observed in considering judg-ments of a court made in the exercise of its general and origi-nal jurisdiction and those rendered in the exercise of a limited and special jurisdiction was clearly pointed out in *Byrd* v. *State*, 1 How. (Miss.), 247, and this distinction has been kept in view and applied in numberless reported cases decided by this court, and as recently as in the case of *Bolivar County* v. *Coleman*, 71 Miss., 832, and in *Harris* v. *State*, 72 Miss., 960 (which was a man-damus proceeding like the present case), an order for a local op-tion election made by the board of supervisors at the office of the chancery clerk, which office was in a building separate and apart from the courthouse, was held to be void and open to

attack in a collateral proceeding. A void judgment or order may be disregarded collaterally, as has been repeatedly held by this court, and the lapse of time will not help its invalidity. See cases cited in brief of counsel for appellant.

The contention of appellee's counsel, so ably presented in their brief, that the order of the board of supervisors for the election was not void because of the failure of the record to show affirmatively the existence of the necessary jurisdictional facts, because the board was authorized by the statute to ascertain and determine whether these facts existed, is undoubtedly the law in a few other states, but it is not the law in this state. This amounts only to the proposition that where the tribunal is authorized to ascertain and determine whether the petition for the election was signed by one-third of the qualified electors, the implication or presumption will be indulged that the tribunal did ascertain and determine the jurisdictional fact. But this presumption cannot be indulged, as has been held by this court in several cases. *Bolivar County* v. *Coleman, supra,* and cases there cited.

The action of the court below was not in accordance with the foregoing views, and was erroneous.

*Reversed and remanded.*