D. H. WALLACE v. STATE EX REL. W. F. TUCKER.

[61 South. 162.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Alteration. Change of boundaries.* Code 1906, section 4533. Laws 1912, chapter 129.

Under Code 1906, section 4533, so providing, any part of a county or counties adjoining a municipality which is a separate school district, may be included in such district upon a petition of a majority of the resident freeholders of the territory proposed to be added and the approval of the municipal authorities, and neither the publication of the ordinance by which this is done, nor the recording thereof in the ordinance book, is contemplated or required.

2. SCHOOLS AND SCHOOL DISTRICTS. *Change of boundaries.* Laws 1912, chapter 129.

In releasing territory from a separate school district as provided for under Laws 1912, chapter 129, a board of aldermen exercises a

limited and special jurisdiction, and the existence of all facts necessary to confer such jurisdiction, such as the filing of the petition referred to in said act, must affirmatively appear from the ordinance by which the territory is released.

APPEAL from the circuit court of Wilkinson county. HON. E. E. BROWN, Judge.

*Quo warranto* proceeding by the State on the relation of W. F. Tucker against D. H. Wallace. From a judgment in favor of relator, defendant appeals.

At the meeting of the board of mayor and aldermen of the town of Woodville in October, 1906, W. F. Tucker and other freeholders, residents of certain territory adjoining the corporate limits of said town, petitioned the board to have said territory included in the separate school district composed at that time of the municipality of Woodville. This petition was presented under section 4533 of the Code of 1906, which provides: "Any part of a county or counties adjoining a municipality which is a separate school district, may be included in such district upon a petition of a majority of the resident freeholders of the territory proposed to be added, and the approval of the municipal authorities. The school taxes in such added territory shall be collected by the county tax collector and deposited with the municipal treasurer of the district." At said meeting, the board passed upon said petition and entered an order adding the territory embraced in the petition to the municipality as a part of the separate school district, said order being entered upon the minutes of the board. Thereafter this property was assessed for school taxes, and said taxes paid promptly each year. In April, 1907, Tucker, the relator in this suit, who was a resident of the territory annexed to said town as a part of the separate school district, was elected by the board a trustee of the Woodville high school, and at the expiration of his term, to wit, May, 1911, he was again elected. At the meeting of the board in June, 1912, without notice to the residents or property owners embraced in the an-

nexed territory, the board passed an order releasing said territory from the separate school district. At the next meeting the position of trustee held by the relator was declared vacant, and appellant was elected to fill the vacancy. Thereupon the relator instituted *quo warranto* proceedings in the name of the state, alleging that appellant was wrongfully attempting to perform the functions of school trustee, and asking that relator's rights be adjudicated, and that he be restored to said office. The appellant demurred to the petition, and, the demurrer having been overruled, filed a plea and gave notice that he would offer proof that the ordinance passed in 1906 under which the adjacent territory was added to the school district was null and void and of no legal force, as it had never been published or entered in the ordinance book of the town, and that, therefore, the relator was ineligible to hold said office, since he was not a resident of the school district.

The case was heard without a jury, and on the trial the minute book showing the action of the board on the petition of the residents of the territory embraced in the petition for annexation was admitted in evidence. It was contended by appellant that this action of the court was improper, for the reason that it was not shown that this order of the board had been published in accordance with the charter of the town requiring the publication of ordinances, and had not been recorded in the book of ordinances. The court held the ordinance of 1906 valid, and the ordinance of 1912, attempting to repeal same, invalid, for the reason that it had been entered without the presentation of a petition, as required by chapter 129, Laws 1912, which is as follows: "The board of aldermen of any municipality in this state constituting a separate school district may release from such district any part of the added territory lying outside of the corporate limits, on petition of a majority of the resident freeholders of the territory proposed to be released. An order shall be

entered on the minutes of the board of aldermen describing that part of the added territory proposed to be released.''

*Ackland H. Jones,* for appellant.

The court erred in overruling the demurrer of respondent.

This action being brought as a private suit of relator, for the purpose of trying his right to the office, it is absolutely essential that he show himself legally entitled thereto. And this is so no matter if respondent has no legal right to the office whatever. *Andrews* v. *Covington,* 69 Miss. 740, 746.

The office of school trustee is filled by the election, or appointment, by the mayor and board of aldermen only in those municipalities which have, by ordinance, constituted themselves separate school districts. A separate school district can be constituted and established in municipalities only by ordinance, and until that has been done, the schools, and the election of trustees, are governed by the general school law. Secs. 4526 and 4530 of the Code. Only those municipalities which have, by ordinance, declared themselves separate school districts, are empowered to add to the district territory adjoining the municipality. Sec. 4533.

The petition of relator is fatally defective in that it fails to show the town of Woodville has ever, by ordinance or otherwise, become a separate school district. Unless there is a valid ordinance declaring the town a separate school district, the mayor and board of aldermen would be powerless to appoint trustees at all. Relator's right, if any right he has, is based upon the power of the mayor and board to appoint, and unless he shows, by his petition, that that right and power exists, and that he himself is legally entitled to the office, then his suit must fail. *Andrews* v. *Covington, supra.*

Courts do not take notice of the ordinances of towns; they must be proven. *Spears* v. *Osyka,* 92 Miss. 790; *Naul* v. *McComb,* 70 Miss. 699.

The petition fails to state that Woodville is a separate school district, the only mention being that certain adjoining territory was added to the separate school district comprising the town of Woodville. That statement is merely the conclusion of the pleader, for after the ordinance has been proven, its construction rests with the court. *Pass Christian* v. *Washington,* 81 Miss. 470.

Before relator can be heard on his claim to this office he must show, by his petition, every prerequisite fact— not only that the office itself exists, but also his own qualifications to hold it. In this, also, the petition is fatally defective.

The petition shows that relator does not reside in the corporate limits of Woodville, comprising the separate school district, but does reside on territory adjoining the same, and it further shows that this adjoining territory, claimed to have been added in October 1906, was cut out of the school district by the order of the board of June, 1912.

The regularity and legality of the proceedings of municipal corporations being presumed (21 Am. and Eng. Ency. of Law [2 Ed.], 957 [3]), this action resolves itself into a collateral attack on the order of June, 1912. That this cannot be done is the uniform holding. 21 Am. & Eng. Ency. of Law (2 Ed.), 980g and h. This action in *quo warranto* is nothing more nor less than an attack on the order of June, 1912, seeking in this manner an action to overturn that order.

For these reasons the court erred in overruling the demurrer. The court further erred in admitting in evidence the orders shown upon the minute book of the town.

Section 3409 of the Code provides how ordinances may be proven, either a copy certified by the clerk of the town or the ordinance book itself, being *prima facie* evidence

of the existence and adoption.  Here no ordinance at all was offered, neither the certified copy nor the ordinance book, but relator contents himself by the introduction of an order of the board precedent to the adoption of the ordinance.  See pages 6 to 8 of Transcript.

No reason is given, nor excuse offered, for the nonproduction of the ordinance, and without that proof, properly made, the minute book was clearly inadmissible.

We are aware of the decisions of this court—notably *Greenwood* v. *Jones,* 91 Miss. 728, 734—in which it is held that the failure to transcribe the ordinances does not invalidate them, and we admit the correctness of that decision.  In this argument, and for this argument, we may admit that the ordinance in question was not transcribed, but if that be so, it devolved on relator to show it.  His right to hold this office depended entirely upon that ordinance; his right to maintain this action depended entirely upon his showing the legal existence of the ordinance, as well as those qualifications imposed by the statutes.  Respondent is not required to do or say a thing until relator has made out a case.

Upon the offer of these orders in the minute book, respondent objected to any of them appearing in the book being introduced in evidence, and on this was overruled. We insist that this was error and alone should be sufficient to call for reversal.  The court further erred in allowing relator to reopen his case, and again erred in overruling the motion to exclude.

Upon the conclusion of relator's evidence and after he had rested his case, upon the motion of respondent for a judgment, to which at that time he was unquestionably entitled, the court allowed relator to reopen his case and show that he was a resident of the added territory and a patron of the school in the sense of sending his children thereto, and upon this proof being made, then overruled the motion to exclude, ignoring entirely the vital feature of the motion—that no ordinance admitting this territory

had been introduced. Attention is called to the fact that even after relator was allowed, by grace of the court, to reopen his case, he utterly failed to meet this motion by proving the ordinance.

The case was tried by the judge, a jury having been waived. His findings on the facts, therefore, are to be considered as if rendered by a jury. Attention is called to the findings of fact, as well as to the judgment.

A verdict which is not responsive to the issue is insufficient and no legal judgment can be rendered on it. *McCoy* v. *Rives,* 1 Smedes & Marshall, 592; *Groves* v. *Bailey,* 24 Miss. 588; *State* v. *Allen,* 69 Miss. 508.

Here there was no finding that relator was ever elected to the office at all; the findings of the court are on facts really foreign to the issue, for the issue was the right of relator to the office and not whether the orders of the board were void; whether relator was a patron; whether the residents of the adjoining territory had the same rights of these residents in the town of Woodville. The only findings of facts by the court are set out by the court, and nowhere does it appear that the court ever found that relator had ever been elected or appointed to the office. It is true that the court found that the adjoining territory was legally admitted; that relator's homestead was a part of said admitted territory; that relator was a patron having children at the school; that the order of the board of June, 1912, was null and void, and that the residents of the added territory had the same rights as the residents of the town, but these are the only findings of facts by the court. On these findings, the court then adjudges that relator has been illegally deprived of the office, and that respondent illegally usurps it. No judgment could possibly be rendered in this case upon those findings. The failure to find that relator was legally elected must be construed to mean that the court found against him on that vital fact. 29 Am. & Eng. Ency. Law (2nd Ed.), 1034 (3).

We insist that this cause should be reversed; that reversal is proper on any one of these grounds: The overruling the demurrer, the introduction of the minute book, the overruling of the motion to exclude, and the rendition of the judgment upon the findings of fact. Taken together, in our opinion, reversal is inescapable.

*V. J. Stricker,* for appellee.

The defense of the appellant is technical.

The declaration of relator alleges necessary facts.

To be a trustee of a separate school one must reside in the separate school district.

A patron of a school is one sending children to school.

Appellee's legal right to the office of trustee is not denied in the record, except on demurrer, alleging that relator does not reside in the separate school district.

The board of aldermen elected relator as trustee for two terms, after the territory of his residence had been legally included in the separate school district.

But the board, at its July, 1912, meeting, said that relator: "A member of the board of trustees for the separate school district of this town does not reside within the said separate school district, and is not elgible to act longer as such trustee. It is therefore ordered that the seat of said relator on said board of trustees be, and the same is, hereby declared vacant."

The board declared this office vacant for the reason only that it had released the added territory, and therefore relator "does not reside within the said separate school district."

The whole contention is: Was the added territory legally released? Under section 4533, Code 1906 appellee was included in the separate school district of the municipality of the town of Woodville, the proper petition having been filed, and the same having been approved by the board of aldermen. The property of the said territory was assessed as required by said section. The added ter-

ritory was legally admitted into the said separate school district of the said municipality, as provided by section 4533. And having been so admitted it thereby became a definite part of the said separate school district. Now, the question is, "How is this territory to be released?" The first and best answer is: "How is it added?" Manifestly if it was, and only could have been, added on the authority of a special statute, and according to the provisions thereof, it could only be released on the like authority, and according to the provisions, of a companion statute (where one exists) or not at all. Then the question arises: "Is there such a companion statute, and were its provisions followed?"

Acts of the Legislature of Mississippi, 1912, ch. 129, p. 126, provide that "The board of aldermen of any municipality constituting a separate school district, may release from such district any part of the added territory lying outside of the corporate limits on petition of a majority of the resident freeholders of the territory proposed to be released. An order shall be entered on the minutes of the board of aldermen describing that part of the added territory proposed to be released."

This provision is plain, and self-explanitory. Was it followed? The record shows that it was ignored. And it being our contention a "majority of the resident freeholders" are the moving cause (the essential legal moving cause) of both their addition and their release, without such moving cause, there could be neither addition nor subtraction of such territory.

Appellant argues that the board's order adding said territory is an ordinance, and should have been advertised and recorded as such. Whether such an order was an ordinance is not the question. Was an ordinance necessary? Was an ordinance at all proper? Did the subject-matter in any manner relate to, or call for, an ordinance? In other words, does a board of aldermen have to register, or record, its assent, or discretionary

approval, through and by the forms and solemnities of an ordinance? These are the questions, and the only questions, on this point. Section 4533 is simple, plain, and self-directing. It provides that:

"Any part of a county, or counties, adjoining a municipality which is a separate school district may be included in such district upon a petition of a majority of the resident freeholders of the territory proposed to be added, and the approval of the municipal authorities. The school taxes in such territory shall be collected by the county tax collector and deposited with the municipal treasurer of the district."

Every provision has been followed, the territory having been first added in accordance, and by compliance, therewith. Otherwise, there would, and could have been, no addition of the said territory. Added then, under such a necessary provision it could be released, if at all, only under the provisions of a statute providing for such release.

What does section 4533 require in such case? It requires first, and principally, a petition of a majority of the resident freeholders; and secondly, and passively, an approval of the board of aldermen.

The word "approval" has a definite place in legal phraseology, and a definition which touches nowhere the shores of the term "ordinance." Nor is it at all included in its compass or prospect.

To approve is: "To accept as good, or sufficient, for the purpose intended." Anderson's L. Dict. It is "ratification, approbation, sanction." 3 Cyc. 565. It means "to be satisfied with; to commend; to accept." 2 Am. & Eng. Ency. Law. (Underlying these definitions— clearly and plainly so—is the unqualified, and unconditional, discretion of the approver.)

A statute which provides for the approval of a thing, without more, makes the sufficiency of the thing for acceptance discretionary with the one to approve. Semble,

"An approved bill is a bill to which there is no reasonable objection, and that ought to be approved." *Hodgson* v. *Davies*, 2 Campb. 532.

A definition given by Mr. Webster is "to make, or show, to be worthy of approbation, or acceptance." The worth is referred to the judgment, and the acceptance to the discretion of one to whom the showing is made.

Section 4533 requiring no particular manner of approval, both the approval, and the manner, are discretionary.

It is clear that territory may be added for the purpose if the required majority petition for it, and the board (looking at the plan and purpose of section 4533) see no objection to it.

Between this mere approval, and the requirements attending the making or passage, and publication of orders and ordinances is the difference between "what should be done, in the absence of objection self-determined," and "what must be done, regardless of objection." For object, subject, form, etc., of the enactment of ordinances, sections 3316 to 3372 and 3404 to 3407 are set forth. And the reason for their publication is as clear as the requirement. They are "laws passed by the governing body for the regulation of the affairs of the corporation."

Section 4533 is complete within itself, and is difficult neither to follow nor understand. So, also, are the Acts of 1912, ch. 129, page 126.

SMITH, C. J., delivered the opinion of the court.

The court below committed no error in admitting in evidence the ordinance by which the territory adjoining the town of Woodville was included in the separate school district, for the reason that section 4533 of the Code provides a complete scheme by which adjoining territory may be added to a separate school district; and neither the publication of the ordinance by which this is done, nor the recording thereof in the ordinance book, is contem-

plated or required.    Neither did it err in holding void
the ordinance afterwards adopted, by which it was sought
to repeal the former ordinance adding the adjoining ter-
ritory to the district, for the reason that under chapter
129, Laws 1912, the board of aldermen of a municipality
constituting a separate school district can only release
from such district territory added thereto and lying out-
side of the corporate limits "on petition of a majority of
the resident freeholders of the territory proposed to be
released," and this ordinance does not recite that it was
passed pursuant to such petition.    In releasing territory
from a separate school district a board of aldermen exer-
cises a limited and special jurisdiction; and the existence
of all facts necessary to confer such jurisdiction, such as
the filing of the petition referred to, must affirmatively
appear from the ordinance by which the territory is re-
leased.    *Bolivar County* v. *Coleman,* 71 Miss. 832, 15
South. 107; *Wirt Adams* v. *First National Bank,* 60 South.
770; *Hinton* v. *Perry County,* 84 Miss. 546, 36 South. 565;
*Craft* v. *De Soto County,* 79 Miss. 618, 31 South. 204.

There is no merit in the other matters complained of.

*Affirmed.*