## S. T. RICKS *v.* J. S. RICHARDSON.

1. INJUNCTION. *Jurisdiction. Remedy at law. Supersedeas.*

   Where, pending a motion in the circuit court by defendant to set aside a judgment by default, the respective attorneys agree, in writing, that judgment shall stand in favor of plaintiff for a less amount, and execution issues therefor, the defendant, who repudiates the compromise, denying the authority of his counsel to make it, cannot enjoin the execution in equity, for his remedy at law by supersedeas is plain and adequate.

2. SAME. *Matters pending in circuit court. No relief in equity.*

   And, besides, where the matters in controversy between the parties are actually pending in the circuit court, the chancery court will not take cognizance of them, since so to do might lead to different results in the two courts.

FROM the chancery court of Yazoo county.

HON. H. C. CONN, Chancellor.

Richardson sued Ricks in the circuit court, and, at the September term, 1891, recovered judgment against him for $2,000. Ricks made a motion to set aside the judgment, and the court entered an order overruling it. Afterwards, during the term, the defendant moved the court to set aside this order, again asking that the judgment by default be set aside for reasons stated. This motion was continued generally, no order for a stay of execution being entered. Afterwards, in vacation, a written agreement of compromise was entered into between the attorneys of the respective parties, wherein it was stipulated that the judgment should be reduced to $1,000, and that there should be a stay of execution until February following, unless it should be necessary, for the protection of plaintiff's interest, to issue execution earlier. Before the next term of court, on December 4, after executions on other judgments against Ricks had been issued, execution was issued on this compromise judgment, which was

levied on certain property of the defendant, who filed the bill in this case to enjoin the execution, alleging, among other things, that the compromise agreement was unauthorized by him; that he did not owe Richardson; and that it was irregular and improper to have execution issued pending his motion in the circuit court to have the judgment set aside. At the ensuing term of the circuit court this motion was overruled, and the judgment was ordered to stand for $1,000. After this, Richardson, having answered the bill, moved to dissolve the injunction, and, from a decree of dissolution, the complainant, Ricks, appeals.

*A. M. Harlow,* for appellant,

Filed a lengthy brief, discussing the merits of the case, as to the question decided by the court making the following points :

Pending the motion of defendant in the circuit court, there was no authority for the issuance of the execution. It is not true, as contended, that the chancery court had no jurisdiction to interfere, and that the remedy of defendant was in the circuit court by supersedeas. A supersedeas is a writ commanding a party to forbear doing a thing. In England it is an auxiliary process, and was used at common law as a companion to the writ of error. 2 Tucker's Com., 325; 1 Wash., 183. When auxiliary it can have no effect after judgment is carried into execution. 2 Tucker's Com., 326. It only lies where the error is apparent on the face of the proceedings. 3 H. & M., 245. In this state it is generally the mode by which the record and the judgment of an inferior court is removed to a superior jurisdiction for the purpose of correcting errors.

In this case supersedeas could not be resorted to, because, while defendant's motion was pending, it could not be disposed of until the February term, 1892. There was no final judgment. There can be no writ of error or no supersedeas except in case of final judgment. The circuit judge himself

could not have acted on defendant's motion in vacation, or until the February term, 1892.

There was no necessity for a supersedeas. An execution had been issued on the judgment, which was actually suspended, and the defendant had no remedy whatever to prevent the sale of his property, except by injunction.

*Brame & Alexander*, on the same side.

*T. H. Campbell*, for appellee.

The sole ground of interference by injunction was that, because of defendant's motion in the circuit court, plaintiff was not entitled to execution. Equity had no jurisdiction to interfere on this ground. In the first place, when defendant's motion was made, he should have obtained an order directing a stay of execution on proper terms. But the circuit court had ample power to protect the defendant. His remedy in that court was full and complete. *Harrington* v. *O'Reiley,* 9 Smed. & M., 216; Freeman on Ex, § 435 *et seq.;* 12 Am. & Eng. Enc. L., 145, 146, 147.

*Williamson & Potter*, on the same side.

The injunction having been improvidently issued, was properly dissolved. The bill shows no ground for equitable relief. The circuit court, in which the case was pending, had power to give the defendant such relief as he was entitled to. Freeman on Ex., §§ 435, 436 *et seq.;* 9 Smed. & M., 216; 6 Peters, 648; 22 Texas, 479; 56 *Ib.,* 118; 28 Cal., 68; 43 Ill., 288; 103 Pa., 331; 58 Iowa, 49; 94 Ind., 368.

CAMPBELL, C. J., delivered the opinion of the court.

Apart from all other grounds, we are constrained to approve the action of the chancellor in dissolving the injunction as improvidently issued, because the complainant had a plain, adequate, complete, simple and appropriate remedy for the grievance complained of, by petition to the circuit

court for a supersedeas of the execution. Besides this, the very matter in dispute was pending in the circuit court, and, if this bill were sustained as properly brought, the spectacle might be presented of a decision of the same matter by two courts, with an appeal from each. As long as two separate courts are maintained in our system, litigants are liable to be misled, to their cost, as to which to resort to in a given case; but while this is a great evil, the courts must preserve the unfortunate distinction, except wherein provision is made against it in certain conditions. Constitution 1890, § 147.

*Affirmed.*