Pearce *et al. v.* Mantachie Consol. School Dist.

[99 So. 134. No. 23938.]

(Division B. Feb. 25, 1924.)

Schools and School Districts. *Law for validating bonds held not to divest circuit court of jurisdiction of appeals after order of issuance.*

Chapter 28, section 2, Laws of 1917, as amended by chapter 252, Laws of 1922, providing that, when any county, municipality, school district, road district, drainage district, or levee district authorized to issue bonds shall take steps to issue bonds, it may transmit the record of the proceedings to the state bond attorney for an opinion on the validity, etc., and that in certain cases the matter shall be filed with the chancery court for a decree validating bonds, etc., does not deprive the circuit court of jurisdiction of appeals taken to it under other provisions of law. The said chapter 28, Laws of 1917, and amendments, contemplate that the validating proceedings may be taken after the proper board or court has entered its decree or order of issuance, and no appeal has been taken therefrom.

Appeal from chancery court of Itawamba county.

Hon. A. J. McIntyre, Chancellor.

Proceeding by the Mantachie Consolidated School District against Henry Pearce and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

*Mitchell & Clayton,* for appellants.

The circuit court had jurisdiction of this matter on account of the appeal which was prosecuted from the order of the board selling the bonds. The question raised by that appeal was fundamental. If the district did not contain the amount of territory required by law, nor the assessed valuation required, then they could not sell the bonds, nor issue the same.

134 Miss.—32.

Appellants contended, and offered the proof, which was not controverted, that the district contained only nine and one-third square miles, and had an assessed valuation of sixty-five thousand dollars. If these facts are true, then the board had no authority to sell the bonds for such district, and the order selling same is absolutely void. The circuit court has jurisdiction of this matter. The statute provides for an appeal to the circuit court and there is no provision of law to deprive the circuit court of its jurisdiction and vest it in the chancery court. *Ricks* v. *Richardson*, 70 Miss. 424.

It was not the intention of the validating act to vest jurisdiction in the chancery court of a cause which was pending in the circuit court. There must be a final order in bond matters before the jurisdiction of the chancery court may be invoked to have them validated.

*J. H. Brown* and *A. T. Cleveland,* for appellees.

The chancery court, by virtue of chapter 28, Laws Ex. Ses. 1917, as amended by chapter 252, Laws of 1922, has jurisdiction of this cause regardless of the appeal from the order of the board selling the bonds, as under this law the chancery court reviews the entire proceedings in the issuance of said bonds and determines whether or not the bonds are valid as issued, whether sold or not sold, and the only question to be determined by the appeal of petitioners to the circuit court is whether the law was complied with in the sale of the bonds after they had been issued at a former term of the board, from which order of issuing the bonds there was no appeal taken.

Appellants are not deprived of any rights by the chancery court taking jurisdiction of this cause, for the purpose of the validation act is to give any and all parties interested an opportunity to raise any question as to whether or not the board had the authority to issue said bonds, and if so, whether or not the board in all things complied with the law in the issuance of the bonds.

This court at this time has the entire matter before it, and we contend that the validation act bestowed upon the chancery court jurisdiction to draw all matters pertaining to the issuance of the bonds in question into one cause for a speedy determination as the public interest may appear, sanctioned by law. The order issuing the bonds is a final order or judgment of the board as to the validity of the bonds, upon which order or judgment a validation proceeding may be had, whether the bonds be legally sold or not, and as there is no appeal pending from the order issuing the bonds the question as to the validity of said bonds is now properly before this court for final determination.

Counsel for appellants contends that Chapter 207, Laws of 1920, only provides a remedy or method, and does not confer the authority to issue bonds.

We contend that this Act is complete within itself and grants the authority and provides the method. See *Bacot et al.* v. *Board of Supervisors of Hinds County*, 124 Miss. 231, 86 So. 765.

Etheridge, J., delivered the opinion of the court.

The board of trustees of the Mantachie consolidated school district filed a petition with the board of supervisors describing the territory composing the district as follows:

"Beginning at the southeast corner of section 8, Township 9, Range 8; thence west two and one-half miles to middle part of the south boundary line of section 12, Township 9, Range 7; thence due north two miles to the north boundary line of section 1, Township 9, Range 7; thence west to the southwest corner of section 35, Township 8, Range 7; thence north one and three-quarter miles to the middle part of the west boundary line of the northwest quarter of section 26, Township 8, Range 7; thence east one-half mile to the middle part of the west boundary line of the northeast quarter of said section

26; thence south one-quarter mile to the center of said section 26; thence east quarter mile to the middle part of the north boundary line of the southeast quarter of said section 26; thence south one-half mile to the middle part of the south boundary line of the said southeast quarter of said section 26; thence each two and one-quarter miles to the southwest corner of section 29, Township, 8, Range 8; thence north one-half mile to the middle part of the west boundary line of said section 29; thence east one mile to the middle part of the east boundary line of said section 29; thence south one and one-half miles to the southeast corner of section 32, Township 8, Range 8; thence west to the northeast corner of section 5, Township 9, Range 8; thence south two miles to the point of beginning, containing ten square miles or more.''

The petition further alleged that the district was duly created and the site of the school building located by the county school board, and that the value of the property situated in the district was sixty-eight thousand four hundred eighty-five dollars and requested the board of supervisors to issue bonds under the provisions of chapter 207, Laws of 1920, to the amount of ten thousand dollars, being less than fifteen per cent. of the total assessed value of all the property in the district, said bonds to be used for the purpose of constructing buildings and equipment. And the board thereupon entered an order reciting the territory embraced in the said district, and that the total value of the real and personal property by the last assessment rolls was sixty-eight thousand four hundred eighty-five dollars and that there are no outstanding bonds or floating debts in the said district, and declaring their intention to issue the bonds in the sum of ten thousand dollars, as prayed for in the petition, for the purpose of erecting and constructing a school building and equipping the same; and ordered an election to be held at the school building in the said district, and directed the election commissioners to re-

port the result of the election at the June, 1920, term of the board of supervisors. Notice was thereupon published to the qualified electors of said district ordering a special election to be held on the 1st day of June, 1923, whereat the electors would vote for or against said bond issue. Proof of publication of said notice was filed as required by law. The election commissioners on the 4th day of June, 1923, certified that the election was held, the poll books were carefully prepared, that said district contained one hundred fifty qualified voters, that the vote polled in said election was one hundred six for the bond issue and twenty-three against it, and that the election was held after due and legal notice. Thereupon the board of supervisors entered an order for the issuance of the bonds in the sum of ten thousand dollars, fixing the maturity dates for a period of time beginning July 1, 1924, and ending July 1, 1943, in which a portion of the bonds would mature each year, reciting therein that not less than one-fiftieth of the total issue matures each year, and caused notice to be published that the bonds would be sold at two o'clock p. m. on Monday, the 2d day of July, 1923, describing the bonds in the said notice, and proof of publication of such notice was duly filed on the 2d day of July, showing publications on June 7, 14, 21, and 29.

Thereupon appellants filed a petition with the board of supervisors setting forth that they are resident adult taxpayers and qualified electors in the Mantachie consolidated school district, and reciting the fact that such bonds had been issued and advertised for sale, and alleging that the said Mantachie consolidated school district is not entitled to issue and sell the bonds because it does not contain ten square miles of territory as required by law; and praying that the board refuse to sell the said bonds for the said district, and that an order be entered refusing to sell said bonds because of the fact that this district has not the territory required by

law. On this motion the movants put on the surveyors, who testified that the said district contained nine and one-third square miles, and also introduced in evidence the county field notes filed in the chancery clerk's office of the county, showing that sections 35, 36, Township 8, Range 7, sections 31 and 32, Township 8, Range 8, have five hundred seven and a fraction, and the southwest quarter of section 35, Township 8, Range 7, about one hundred six acres; that they were about four hundred fifty acres short on account of the sections not being full sections, and that the territory would not be ten full square miles.

The board of supervisors overruled the motion not to issue and sell the bonds, whereupon a bill of exceptions was taken and signed and an appeal prosecuted to the circuit court, where the cause is pending and undecided; but thereafter the board directed the clerk to certify copies of the proceeding to the state bond attorney, under the provisions of chapter 252, Laws of 1922, amending Laws of 1917, chapter 28, section 2, in reference to validating bond issues. The state bond attorney certified that the proceedings in his opinion were valid and legal, and the cause was docketed and the chancellor notified, and he fixed a date for the hearing of the validation proceedings. The appellants appeared and objected to the validation of the bonds on the following grounds: -

First. Because the chancery court has no jurisdiction in this matter because an appeal is pending from the order of the board selling such bonds.

Second. That the bonds should not be validated because the district had no authority under the law to issue bonds because it did not contain as much as ten square miles of territory, nor an assessed valuation of one hundred thousand dollars.

It is now contended by the appellants that the court could not validate the bonds because an appeal was pending in the circuit court, and that the law did not contem-

plate that the validation proceedings should be undertaken until the orders had been finally determined, while the appellees insist that the validating proceedings carried the whole matter into the chancery court for a final adjudication on the validating of the bonds under chapter 252, Laws of 1922, amending chapter 28, Laws of 1917. Section 2, chapter 28, Laws of 1917, as amended by chapter 252, Laws of 1922, provides, that when any county, municipality, school district, road district, drainage district, levee district, or any other district or subdivision authorized to issue bonds, shall take the steps to issue bonds for any purpose whatever, the officer or officers of such county, municipality, or district charged by law with the custody of the records of the same shall, if the board issuing the same shall so determine by an order entered on its minutes, transimit to the state bond attorney a certified copy of all legal papers pertaining to the issuance of the said proposed bonds, including transcripts of records and ordinances, proof of publication, and tabulation of vote, and any other fact pertaining to said issuance, and that the bond attorney shall thereupon examine the same and render an opinion as to the validity of the same, and, if any further action on the part of the said board is necessary, or further data is desired, he shall indicate what is necessary to be done in the premises to make the bonds legal, valid, and binding, etc.

In our opinion this act contemplates that such action shall be taken when the proceedings before the board are concluded. The board may or may not elect to have the validity of the bonds approved under this chapter, but the enactment of this chapter does not cut off the right of appeal from the board of supervisors as provided by law, and it was improper for the board to undertake validating proceedings while the appeal was pending. The appeal removed the board's jurisdiction of the subject-matter and transferred the cause to the circuit court.

This view of the effect of an appeal was entertained by the former bond attorney, the late J. B. Harris, who in his brief in *Bacot* v. *Board of Supervisors,* 124 Miss. 231 (86 So. 765), at page 244 of the report of that case in the official report, upon this subject said:

"It is suggested by counsel for the appellee that the institution of validation proceedings confers jurisdiction upon the chancery court to open up the whole subject. Would the court hold that if the board of supervisors should enter an order referring the matter to the state's bond attorney for validation before time for taking an appeal from its order authorizing the issuance of bonds had expired this would cut off the right of appeal to the circuit court as provided by the statute? Manifestly not. It is also quite manifest that an appeal to the circuit court taken properly would have the effect of cutting off validation proceedings until the matter had been settled in the circuit court or at least on appeal. Jurisdiction to try the matter de novo has been expressly conferred upon the circuit court; no such jurisdiction is conferred upon the chancery court."

The contemplation of the validation proceedings is that the cause may be proceeded with thereunder after the entrance of the final orders by the board of supervisors or by the proper authorities charged with the issuance of bonds, and it was not intended to cut off the right of litigants to appeal to the circuit court.

This being true, the appeal vested the circuit court with jurisdiction of the subject-matter, and the chancery court should not take judisdiction thereof while the cause is pending in the circuit court. *Ricks* v. *Richardson,* 70 Miss. 424, 11 So. 935.

The judgment will therefore be reversed, and the cause remanded.

*Reversed and remanded*