FAISON *et al. v.* CITY OF INDIANOLA.

(Division B. March 31, 1930.)

[127 So. 558. No. 28632.]

Forrest G. Cooper and Earl T. Thomas, both of Indianola, for appellant.

Frank Everett, of Indianola, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The mayor and board of aldermen of the city of Indianola, proceeding under chapter 194, Laws 1924, section 6983 et seq., Hemingway's 1927 Code, gave the statutory notices of their proposal to pave, and otherwise improve, a portion of Alexander avenue in said municipality. At the first meeting, that is to say, the meeting provided by section 4 of the said chapter, section 6986 of said Code, appellants appeared and filed their objections, and among the several questions which arose for determination was whether the objectors were a majority of the property owners as mentioned in the proviso of the said section. The section involved reads as follows:

"At said meeting or at a time and place to which same may be adjourned, any person aggrieved may appear in person, by attorney or by petition, and may object to or protest against said improvement. The governing authority shall consider the objections and protests, if any, and may confirm, amend, modify or rescind the resolution of necessity, and shall determine whether said improvement shall be made and how the cost thereof shall be paid. The determination of such governing authority shall be final and conclusive; provided, however, that if a majority of property owners actually residing on property owned by them and included within that part of any street, avenue, etc., ordered to be specially improved, or otherwise actually occupying property owned by them and included within that area shall file a protest, then the improvement shall not be made."

The objections and protests were overruled by the board, and the board also entered an order or orders finding and adjudging that less than a majority of the property owners, qualified under the proviso, had objected; whereupon the objectors, within the time allowed, presented their bill of exceptions, in order to

appeal to the circuit court, as permitted under section 80, Code 1906, section 60, Hemingway's 1927 Code. The mayor refused to sign the bill of exceptions on the ground that the action of the board under the quoted section is not appealable. Thereupon the objectors filed their petition in the circuit court for a writ of mandamus upon the mayor to compel the signing of said bill of exceptions, and the mandamus case is now pending in the circuit court.

After the institution of the aforesaid proceedings in the circuit court, the said city, disregarding the circuit court and the steps taken to appeal thereto, filed a transcript of the record, together with the opinion and approval of the state's bond attorney, in the chancery court, for the validation of the bonds, which bonds had been ordered by the said municipal authorities to cover the cost of the said improvements. The objectors appeared in the chancery court, and, objecting there, showed among other things that the validation proceedings were premature because of the appeal pending in the circuit court; the objectors relying upon Pearce v. Mantachie Dist., 134 Miss. 497, 99 So. 134, wherein the exact point was settled in favor of the said contention. To this objection, the city replied that the attempted appeal to the circuit court was no obstacle, because no appeal is allowed, and that any interference by the circuit court would be wholly inoperative for want of jurisdiction. The chancellor upheld the contention of the city, decreed the bonds to be valid, and from that decision and decree the objectors appeal to this court.

The determinative question here before us is whether an appeal to the circuit court could be taken. The city presents the negative on two grounds: First, that the quoted section expressly makes the action of the governing municipal authorities under said section final and conclusive; and, second, that since a succeeding section in said chapter 194 provides in terms for an appeal from

the assessments for the special improvements, no other appeal is allowed under the theory that the expression of one is the exclusion of the other. We are of opinion that the determination of the governing authorities is final and conclusive on the questions of necessity and whether the improvement shall be made and how the cost thereof shall be paid. It may well be admitted that the legislature intended to make it clear that on the questions just mentioned the judgment of the municipal authorities should not be reviewed by a judge and jury whose opportunities for a comprehensive consideration would, at best, not be equal to that which could and would be given it by the municipality. But in respect to the matters mentioned in the proviso, the last six lines of the printed section, the same reasons do not exist; and since under said proviso serious questions of law as well as of fact may arise and often do, as have arisen in the case here before us, we are of opinion that all questions and issues properly arising under said proviso are appealable under the general allowance of section 80, Code 1906. Nor is the right affected by the subsequent special provision in respect to appeals from assessments, for the purpose of that special provision was not to exclude appeals on other features, but was to require an appeal bond if an assessment be involved; whereas, under the general section, section 80, no bond is required. Monroe County v. Strong, 78 Miss. 565, 29 So. 530. We cannot agree that, in view of the spirit of section 80 of the Constitution, the legislature could have intended to deny the right of appeal to such extent as is insisted by the city in this case.

Having thus come to the conclusion that the issues, or at least some of them, raised by the objectors at the said preliminary or first meeting were appealable, and the circuit court, under the stated proceedings, having first acquired jurisdiction, Polk v. City of Hattiesburg, 109 Miss. 872, 69 So. 675; Id., 110 Miss. 80, 69 So. 1005, that court must be permitted to determine for itself all the

questions raised by said appeal and without any intrusion upon those questions by the chancery court. This is a principle of the highest importance, otherwise much embarrassment could result out of the possibility that two courts of equal judicial rank in substantially the same case, between substantially the same parties, might reach different results on the same question or questions.

Reversed and dismissed.