## POLK *v.* CITY OF HATTIESBURG.

### [69 South. 675.]

1. PLEADING. *Demurrer. Admissions. Municipal corporations. Vacating streets. Appeal. Bill of exceptions. Payment of damages. Constitutional and statutory provisions.*

   The averments of a petition were admitted by a demurrer to the same.

2. MUNICIPAL CORPORATIONS. *Vacating streets. Appeal. Bill of exceptions.*

   Under Code 1906, section 80, giving the right of appeal to any person aggrieved by a city's action, and requiring that a bill of exceptions embodying the facts, if duly presented, shall be signed by the presiding officer of the municipal authority, the circuit court on appeal, may dispense with the signature of the mayor and inquire into the merits of the appeal, where it is admitted that appellant's bill of exceptions was correct, since appellant by tendering a proper bill of exceptions to the proper officer, had done all in his power and ought not to suffer by reason of the officer's neglect to sign.

3. CLOSING OF STREETS. *Payment of damages. Constitutional and statutory provisions.*

   Under Constitution 1890, section 17, providing that property shall not be taken or damaged for public use without due compensation first made to the owner, and section 24 providing that all courts shall be open to one injured in his property, and Code 1906, section 3336, providing that no street or alley shall be closed or vacated except upon due compensation being first made to the abutting landowners, the closing of an alley by ordinance is a judicial and not a legislative act, over which the courts have supervisory power, and where a city closed an alley for the benefit of a private person and the public interest was not considered, and an abutting owner's property rights were damaged by the action of the city authorities without compensation to him, the courts have power to grant relief.

APPEAL from the circuit court of Forest county.

HON. P. B. JOHNSON, Judge.

Petition by A. Polk for *certiorari* to require the city of Hattiesburg to sign his bill of exceptions on appeal from

the city's ordinance closing an alley.   Writ refused and petitioner appeals.

The facts are fully stated in the opinion of the court.

*S. E. Travis,* for appellant.

*D. E. Sullivan,* for appellee.

COOK, J., delivered the opinion of the court.

A petition was filed by a citizen and taxpayer of the city of Hattiesburg with the proper authorities, asking that the city "kill" or close a certain named portion of an alley which had been dedicated to the use of the public. Appellant, also a citizen and taxpayer of the city, filed objections to the petition to kill the alley, alleging that he owned property adjacent to and abutting on the alley, and further alleging that the effort to have the alley killed was contrary to the interest of the public and especially damaging to his property.   The city authorities sustained the original petition and issued an order closing the alley.   At the hearing appellant appeared and was sworn as a witness, and the record shows that his testimony supported the allegations of his petition.

During the term of the mayor and commissioners at which the ordinance was passed, and on the same day, appellant, feeling aggrieved by the action of the board, and desiring an appeal therefrom to the circuit court, presented to the mayor and commissioners, for the signature of the mayor, a bill of exceptions, which bill of exceptions embraced all of the facts and decisions at the hearing. The record shows that the bill of exceptions was filed and considered by the mayor and commissioners, and found to be a correct statement of the facts and decisions in the premises; but the matter was continued until the next day, in order that the attorney of the city might

be consulted. On the next day the mayor stated that the bill of exceptions was correct, but upon the advice of the city attorney declined to sign same, unless he was compelled to do so by mandamus.

So, when the appeal came on for hearing in the circuit court, the above facts were made known to the court in the proper manner, and appellant asked the court for a writ of *certiorari* requiring the board of mayor and commissioners to send up the bill of exceptions tendered by him to the mayor for his signature, as a part of the record in this appeal. The circuit court refused to issue the *certiorari*. There are other details in the record, but the foregoing statement will make sufficiently clear the case before us on this appeal.

The case was disposed of in the lower court by sustaining a demurrer to appellant's petition for *certiorari*. Boiled down, this record shows that the city of Hattiesburg closed the alley for the benefit of a private person and that the public interest was not considered in the premises. It also appears that appellant's rights as a citizen were ignored and that his property rights were damaged by the action of the city authorities. The contention is made, however, that, admitting all these things, the circuit court was without authority to issue the writ of *certiorari*, and hear the appeal on its merits.

If the averments of the petition for *certiorari* state the facts, the ordinance closing the alley was without warrant of law or fact. The averments of the petition were admitted by the demurrer, and the only question left for decision is the power of the circuit court to issue the writ in the circumstances.

The right of appeal from decisions of this nature is given by section 80, Code 1906, to any person aggrieved thereby, and the statute provides the procedure for making a record of the facts and decisions for the appellate court. When a bill of exceptions embodying the facts and decisions is duly presented, it is made the duty of the

presiding officer to sign the same.  He has no discretion
in the matter.  If it is admitted that the bill of exceptions
is a correct memorial of the facts and decisions, can the
circuit court dispense with the signature of the mayor,
and inquire into the merits of the appeal, after having
first ascertained that the bill of exceptions stated the
facts and decisions?  We believe that *McGee* v. *Beall*, 63
Miss. 457, and *Robinson* v. *Mhoon,* 68 Miss. 713, 9 So. 887,
answer this query in the affirmative.  The appellant in
this case did all that was in his power to do "by prepar-
ing and tendering a proper bill to the proper officer,"
and he "ought not to suffer by reason of his (the offi-
cer's) neglect to promptly sign the same."

We see no reason why appellant should be forced to
pursue the circuitous route of mandamus proceedings,
when the entire controversy can be brought directly be-
fore the court of review by sending up the bill of ex-
ceptions, which confessedly reflects the entire facts and
decisions in the tribunal which tried the matters in dis-
pute.  The bill of exceptions, if correct, should have been
signed, which signature would have been an indorsement
of its correctness.  It is admitted that the bill was cor-
rect, and there is no reason why resort should be had to
mandamus, which could only accomplish what is here ad-
mitted.  It will be observed that this was not an ap-
peal by *certiorari,* but was the use of the writ in aid of a
statutory appeal proper, for the purpose of completing
the appeal by having the entire record brought into the
circuit court.

The next point made by appellee is that the killing or
vacating of the alley was a legislative act, and not a ju-
dicial act, and consequently the action of the city board
cannot be reviewed by the courts.  It seems to us that
this view is not sound.  Unless the tribunal empowered
to open or vacate streets and alleys be of a judicial char-
acter, the statute would be in violation of sections 17 and
24 of our Constitution.  Section 3336, Code 1906, under

which the ordinance in question was passed, expressly provides:

"But no street or alley shall be closed or vacated except upon due compensation being *first made* to the abutting landowners."

This clause of the statute is not only the expression of the constitutional limitation upon the power of the municipality, but it necessarily implies that the tribunal clothed with the power must judicially determine whether "the contemplated use be public," and, having so determined this question affirmatively, the damages of abutting owners must be judicially ascertained and paid before the ordinance vacating the alley can be finally adopted. This squares section 3336 with the state Constitution. Elliott on Roads and Streets, par. 315, n. So it is the record discloses that appellant was an abutting owner, and that he was damaged by the order of the commissioners and that his damages were not ascertained or paid. The commissioners seem to have treated appellant as an interloper, without any rights in the premises, and for this reason his remonstrance and evidence were swept aside.

Reversed and remanded, with instructions that the circuit court proceed in accordance with this decision.

*Reversed and remanded.*

SMITH, C. J. (dissenting.)

I am unable to agree with my Associates in the conclusion reached by them with reference to the bill of exceptions alleged to have been tendered by appellant to the mayor of appellee city. The only office which a writ of *certiorari* can serve, whether issued in aid of a pending appeal, or when issued in the nature of a writ of error, is to command the custodian of the records of the court, whose proceedings it is desired to review, to certify the record thereof to the court issuing the writ; and the only

response such custodian can make to the writ is to certify the record desired to the court issuing the writ, or such portions thereof as may be in his possession, and in event he is unable so to do to show the cause therefor. Had this petition simply alleged that a proper bill of exceptions was on file with the city clerk, the writ of *certiorari* prayed for, of course, should have been granted; but since it appears on the face of the petition that the paper designated a bill of exceptions, and which the court is requested to command the clerk to certify to it, is not a bill of exceptions, but is in fact a mere nullity, I do not think the court should do the vain and useless thing of issuing the writ, in order to determine that fact from an inspection of the paper itself.

When the court below overrules the demurrer to the petition in accordance with the opinion of my Associates, appellee will then have the right to traverse the allegations of the petition setting forth what occurred on the trial of the cause by the municipal authorities; and in event he should do so, then, in my judgment, the court below will be powerless to proceed further, for I do not understand my Brethern to hold that it can settle a dispute as to what the bill of exceptions should contain. This seems to me to be the logical result of the holding in *Greenwood* v. *Henderson,* 84 Miss. 802, 37 So. 745. In that case it was held that the court was without power, even by agreement of the parties, to try a cause on the oral testimony of the same witnesses who testified before the city council. Should it become necessary for the court below to settle a dispute as to what the oral testimony before the municipal authorities was, the testimony of the witnesses themselves as to what they in fact did say can be received, so that the court may thus do indirectly what it is without power to do directly.

In *Roach* v. *Tallahatchie County,* 78 Miss. 303, 29 So. 93, "the board of supervisors of the county ordered a local option election under the dramshop chapter of the

Code. Roach, desiring to appeal from the order for the election, presented a bill of exceptions to the president of the board of supervisors, embodying, as he averred, the evidence upon which the board acted in directing the election. This bill the president refused to sign, and thereupon Roach obtained the signatures thereto of two attorneys at law, in accordance with paragraph 737, Code 1892, assuming the section to have application, and took his appeal to the circuit court. The bill of exceptions, so signed, was on motion of the county stricken from the record by the circuit court," which action of the court was affirmed by appeal. The motion to strike in that case was the equivalent of the demurrer in the case at bar, for by it the court was requested to strike the bill of exceptions from the record, without reference to whether it correctly set forth the matters which transpired before the board of supervisors or not. In the case at bar, when the city clerk certifies to the court below the so-called bill of exceptions in obedience to the command of the writ of *certiorari,* the case will then, for all practical purposes, be on all fours with the Roach Case; and it will be the duty of that court, unless the Roach Case should be overruled, to strike the so-called bill of exceptions from the record when requested by motion so to do.

I do not think either of the cases cited by my Associates are here in point. In *McGee* v. *Beall,* 63 Miss. 457, the bill of exceptions was tendered during the term, but was not signed until some days thereafter, and all the court held, or was called upon to decide, in this connection, was whether the president of the board could sign the bill of exceptions after the expiration of the term at which the judgment complained of was rendered. *Robinson* v. *Mhoon,* 68 Miss. 713, 9 So. 887, dealt with the improper refusal of a justice of the peace to approve a timely and solvent appeal bond, a very different question from the one here presented.

Bills of exceptions are purely creatures of the statute, and can be settled and become a part of the record only in the manner prescribed by the statute, and the manner prescribed by section 80 of the Code, under which this appeal is sought, is by being "signed by the person acting as president of the board or of the municipal authorities." Since the legislature has not conferred upon the circuit courts power to settle bills of exception to the action of boards of supervisors and municipal authorities, it necessarily follows that such courts have no right so to do. A bill of exceptions, in the very nature of things, should be settled by some one who heard testimony embodied therein. I do not think that, because appellant may have had the right to compel the mayor to act upon his bill of exceptions by mandamus, it necessarily results that the circuit court has the right to settle the bill of exceptions itself. If it rightfully possesses such power, this court should have ordered its exercise in the Roach Case, *supra,* instead of striking the bill of exceptions from the record and reminding the appellant that he could have obtained the president's signature thereto by mandamus; for in that case it was alleged, and not denied, that the bill of exceptions tendered was correct.

I express no opinion on the other matters here involved.