POLK *v.* CITY OF HATTIESBURG.

[69 South. 1005-675.]

MUNICIPAL CORPORATIONS. *Vacating streets. Appeal. Bill of exceptions. Statutes.*

> Under Code 1906, section 80, giving a right of appeal to any person aggrieved by a city's action, and requiring that the bill of exceptions embodying the facts, if duly presented, shall be signed by the presiding officer of the acting board or of the municipal authorities. Where in proceedings to close an alley objections

were filed, and upon issuance by the city authorities of an order closing the alley, the objector presented to the mayor and commissioners a bill of exceptions, which although the mayor approved it as correct, he, under the advice of counsel, refused to sign, unless compelled by mandamus.    In such case the appeal to the circuit court was properly perfected, section 80, providing a summary proceeding for appeals of this character, even investing the circuit court with jurisdiction of the whole record, the actual consent of the mayor to the correctness of the bill being sufficient to perfect the appeal, there being no time prescribed by section 80 within which an appeal must be prosecuted, only that the party aggrieved should appeal "to the next term of the circuit court."    In such case sections 83 and 95, Code 1906, have no application.

APPEAL from the circuit court of Forest county.

HON. P. B. Johnson, Judge.

On Suggestion of Error.  For former opinion see 69 So. 675.

*S. E. Travis,* for appellant.

It is contended that there was no appeal in this case to the circuit court because no petition for appeal was filed as required by section 95, Code 1906.  We fail utterly to grasp the force of this contention, or to see wherein this section has the slightest bearing on the case in hand.

Section 95 of the Code is confined by its very terms to appeals from judgments of justices of the peace and in cases of unlawful entry and detainer and to that class of cases in these two instances where an appeal may be prosecuted without bond.  The section has no bearing upon and in no way affects appeals from municipal authorities.

The opinion of this court in overruling the suggestion of error in the *Strong case,* 78 Miss. 565, referred to by counsel, exposes the fallacy of the contention.  It is to the effect that where an appellant pursues the course marked out by the statute, his appeal will be sustained, and that is precisely what was done in the instant case. There is no section in the Code that requires a petition

110 Miss. 6.

for appeal in case of an appeal by a private citizen from municipal authorities, and being no such section, there is no law requiring it. Section 80, under which the appeal here was prosecuted, only requires the appellant to "embody the facts and decisions in a bill of exceptions," and this specific thing was done, and, therefore, there can be no question as to the sufficiency of the appeal.

Counsel further contend that the only way to have perfected the appeal in this case was by mandamus, and cite the *Roach case*, 78 Miss. 303, as sustaining this view. That case is wholly unlike this. That involved a bill of exceptions signed by "two disinterested attorneys," and not by the president of the board as the statute prescribed. Of course, there was no bill of exceptions in that case. It is true that the court said mandamus "might have" been resorted to, but that question was not before the court, and even if that statement is the law, it only suggested one remedy that might have been pursued in that case, and that not the most direct one under our statutes and procedure. That course would have required two causes and two litigations instead of one as contemplated by the statutes. Here, we have not a bill of exceptions signed by two attorneys, but one presented at the time and in the form, substance and manner provided by the statute, admitted to be correct by the official whose duty it was to sign it, and then again admitted as true by the demurrer interposed to the petition, and have proceeded with it within the principles of an unbroken line of decisions of this court, some of which were cited in brief in chief, in which was also cited late decisions of this court to the effect that mandamus was not available to the appellant who did not proceed by bill of exceptions as was done in this case. When the appellant did all that the law required him to do to perfect his appeal, no other person's delinquency could defeat it. We respectfully subm.t that this contention is without merit.

*D. E. Sullivan,* for appellee.

Appellant did not appeal from the ordinance vacating the alley.

Appellant did not appeal in this case from the action of the mayor and board of commissioners in adopting the ordinance in question. Section 80, Code of 1906, provides for appeals by persons aggrieved by a judgment or decision of the board of supervisors or the municipal authorities of a city, town, or village, and the facts and decisions may be embodied in the bill of exceptions, which shall be signed by the person acting as president of the board or of the municipal authority. This section of the Code does not require a bond in such appeals. It was held in the case of *Monroe County* v. *Strong,* 78 Miss. 565, that the appeal provided for in this section could be prosecuted without a bond. Section 95, Code of 1906, is as follows:

"In all cases where an appeal is desired without bond, from a judgment of a justice of the peace, and in cases of unlawful entry and detainer, by parties who are not required to give bond therefor, a written demand for the appeal shall be filed, in lieu of the bond required of others, within the time allowed for appeal in such cases." The supreme court strictly enforces this section and held in the case of *Town of Purvis* v. *S. E. Rees,* 99 Miss. 636, that a justice of the peace who marked such a petition for appeal filed the tenth of November, 1908, was incompetent to impeach such endorsement by showing that the petition was really filed on the sixteenth of November, 1908.

This record nowhere shows that a petition for an appeal was ever filed by the plaintiff, and in fact none was ever filed.

The only thing the plaintiff did was to present his bill of exceptions to the mayor on the fourth of January, 1912, and thereafter on the tenth day of January, 1912, filed his petition in the circuit court praying for a writ

of *certiorari* and obtained the order of the judge for the writ on that day.

Section 80, Code of 1906, providing appeals on bills of exceptions from boards of supervisors and municipalities, and constitutes the circuit court an appellate court and limits its right to hear the case to the matters presented by the bill of exceptions. If a petition for an appeal is not filed as required by law, then no appeal has been taken, even though the bill of exceptions had been duly signed and the circuit court is without jurisdiction to hear and determine the case.

STEVENS, J., delivered the opinion of the court.

Counsel for appellee suggest error in the majority opinion heretofore rendered, and earnestly contend: First, that "the court had no jurisdiction of this case, because an appeal was not taken from the decision of the mayor and commissioners," and, second, "the circuit court cannot sign the bill of exceptions for the mayor." The case is within narrow margins, and the holding of this court as expressed in the majority opinion may have been to some extent misunderstood by counsel. It is argued that sections 95 and 83 of the Code, construed together, required that appellant should perfect his appeal from the decision of the city commissioners within five days, whereas no appeal was taken within said time.

There is no time prescribed by statute within which an appeal under section 80 of the Code of 1906 must be prosecuted. It is contemplated by section 80 that the party aggrieved should appeal "to the next term of the circuit court" by embodying the facts and decisions in the bill of exceptions signed by the person acting as president of the board or of the municipal authorities, and that the taking of a bill of exceptions in accordance with the statute operates at once as an appeal. It thereupon becomes the duty of the clerk to transmit the bill of exceptions to the circuit court on or before the first

day of the next succeeding term, or at once if the court be in session. The perfecting of the bill of exceptions is the perfecting of an appeal; and there is no time prescribed for giving a bond or presenting a written petition or demand for an appeal. Sections 95 and 83, in our opinion, have no application to an appeal provided for by section 80 of the Code.

It was not our intention to hold that the circuit court can ascertain for itself whether the proposed bill states the facts and decisions of the board of commissioners, or to dispense with the requirement of the statute that the bill shall be approved by the president of the board of municipal authorities. We simply held and here re-iterate that the demurrer in this case admitted that the bill of exceptions in question had, in fact, been tendered to the mayor, and that the mayor had, in fact, approved the bill as one correctly embodying the facts and decisions of the city commissioners, but that the mayor, upon legal advice, had declined to affix his signature, unless compelled to do so by mandamus. The mental assent of the mayor fixed conclusively the correctness of the bill; there was then nothing further to be done by appellant. He had, so far as he was concerned, perfected his appeal. It was then the absolute duty of the mayor to affix his signature.

Section 80 provides a summary proceeding for appeals of this character, even investing the circuit court then in session with jurisdiction of the whole record. To require appellant, therefore, under the facts of this record, to prosecute a mandamus suit, would be contrary to the purpose and intent of section 80, and would impose upon appellant a great hardship. It was never the purpose of the legislature to require litigants to travel a long and circuitous road to justice. If the bill in question was incorrect, and was not, in fact, approved by the mayor, a different question would present itself. This case is differentiated from the case of *Roach* v. *Tallahatchie County,* 78 Miss. 303, 29 So. 93, in two essentials: In the

Roach Case the president refused to sign the bill, and it was not shown that he, in fact, ever approved the bill by mental assent or otherwise; and again the bill in that case was signed by two attorneys under a procedure that had no application to appeals of this character. In short, the appellant in the Roach Case did not pursue the course prescribed by section 80, but was led astray by section 737, Code of 1892. In the instant case appellee, through its mayor, admitted that the bill presented was correct, and mentally approved the same; and the demurrer in the circuit court reiterates this admission. If, then, the bill was correct, and was, in fact, approved, then appellee should not be heard to question the appeal in the face of such admission, and thereby take advantage of the wrong of its chief officer charged with the duty of seeing that the bill of exceptions was, in fact, approved and signed, and the record promptly removed to the appellate court.

The suggestion of error is therefore overruled.

*Overruled.*

SMITH, C. J., adheres to the views expressed in his former opinion.