WILKINSON COUNTY v. TILLERY.

[84 South. 465. In Banc. No. 21126.]

1. COUNTIES. *Practice on appeal from decision of supervisors stated.*

Section 80, Code of 1906 (section 60, Hemingway's Code), gives a right of appeal to any person aggrieved by a judgment or decision of a board of supervisors and requires that the bill of exceptions embodying the facts as duly presented shall be signed by the person acting as president of the board.

2. APPEAL AND ERROR. *Petitioner for writ of certirari to bring up record has burden to duly perfect proceedings.*

Where petition for writ of *certiorari* to require the sending up of an unsigned alleged bill of exceptions from an order of the board of supervisors is contested by answer, which denies its correctness and alleges that it was not signed nor agreed to as being correct, the burden of proof is upon the petitioner to show its approval by the person acting as president of the board, and in the absence of such proof the petition should be denied.

APPEAL from Circuit Court of Wilkinson County.
HON. R. E. JACKSON, Judge.

B. Tillery presented a claim to the board of supervisors of Wilkinson county and after its disallowance, filed with the clerk of the board a petition for an appeal from the order, whereupon the clerk sent to the circuit court a record showing the claim and the order rejecting it, and thereafter claimant petitioned for a writ of *certiorari* to the clerk of the board of supervisors, requiring him to send up an alleged unsigned bill of exceptions as part of the record. The county's motion to quash the unsigned bill of exceptions when sent up was overruled, and there was a verdict and judgment for claimant, and the county appeals. Reversed, and cause dismissed.

*David C. Bramlett, Jr.,* for appellant.

Writ of certiorari barred by law. This claim was dis-allowed by the board of supervisors in June, 1918. The petition for a writ of *certiorari* was not filed until March 10, 1919, nor was the petition sworn to by appellee until said date, and neither was the bond filed until March 10, 1919.

Section 72, Hemingway's Code, provides: "All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of *certiorari,* which shall operate as a *supersedeas,* the party in all cases, giving bond."

Section 73, Hemingway's Code, provides: "Like proceedings as provided in the last section may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be revived or not."

The writ of *certiorari is* clearly barred and the court below erred in issuing or ordering the same, and also erred in not sustaining appellant's motion to quash same after issuance.

We respectfully submit that on this ground this case must be reversed and dismissed.

*Ackland H. Jones,* for appellee.

The cow of the appellee having been killed in the process of dipping, claim was filed for the same before the board of supervisors of Wilkinson county. The claim coming on for hearing, appellee produced his witnesses before the board, and their testimony was there given. There was no other testimony. The board of supervisors, by vote of three to two, rejected the claim and thereupon the appellee presented his bill of exceptions for signature

by the president. On this presentation, the board by a vote again of three to two, withdrew their rejection, declined to enter any order on the minutes, and continued the case.

At June Term, 1918, following the board of supervisors, without any further testimony, again rejected the claim and the appellee again tendered his bill of exceptions for signature, but the president of the board refused to sign.

Appeal was had to the circuit court. When the case was reached in the circuit court appellee filed a suggestion of diminution of record, and prayed for a writ of *certiorari* in order to make the record complete.

This was opposed by appellant, but on the hearing, the motion was sustained, and the writ ordered to issue, the clerk of the board of supervisors being directed to send up the bill of exceptions filed with him, and being the one taken by the appellee to the action of the board in rejecting his claim.

That this was correct is clearly shown by the case of *Polk* v. *City of Hattiesburg,* 109 Miss. 872, and *Polk* v. *City of Hattiesburg,* 110 Miss. 80. In this case, the answer of the appellant to suggestion of appellee for the writ of *certiorari* denied the facts set up in that suggestion; the suggestion, however, was sworn to, and the answer was not, but the court heard the matter, considered the argument of counsel, and decided that the appellee here had done all that he could do in perfecting his appeal; had complied with the statute, and that the refusal of the president of the board of the supervisors to sign the bill of exceptions was unauthorized and illegal and so granted the writ, and required the clerk of the board of supervisors to send it up.

This bill of exceptions being returned to the circuit court, the record was then complete and the case was ready for trial, the court sitting as an appellate court. A motion to quash this was made, but this was by the court overruled.

On the hearing of the record of appeal from the board of supervisors, the circuit court having before it the entire record and having considered it all, reversed the action of the board of supervisors, but declining to enter the judgment which the board of supervisors should have entered, ruled that the cause should be tried anew on its merits.

In this the court erred to the injury of the appellee. The case before the court was an appeal under section 80 of the Code of 1906 (Sec. 60, Hemingway's Code), and was controlled, or was to have been controlled solely by it. The court, however, misconceiving the matter, seemed to have moved on the idea that the case was before it under section 90 of the Code of 1906 (sec. 72, Hemingway's Code).

Under section 80, the court was an appellate court and was authorized to enter only an affirmance or a reversal; there is no right conferred therein for any other trial anew on the merits, that being only allowable under section 90.

Counsel argue now that this matter and case when before the lower court, was on *certiorari*, and that section 90 controls. To repeat, it is to be said that this was a direct appeal under section 80, and the *certiorari* was merely supplementary thereto, and was perforce resorted to in order to make complete the record of the appeal. The error of the court was to the advantage of the appellant, and to the injury of the appellee. Appellee, plaintiff below, excepted to the action and ruling of the court, and would now file a cross appeal were it not for the fact that the testimony on the trial was substantially the same as before the board of supervisors, and for the controlling fact that the verdict of the jury was in his favor, the error of the court in requiring the trial to be had being cured by the verdict.

Sykes, J., delivered the opinion of the court.

The appellee, Mr. Tillery, presented his claim to the board of supervisors of Wilkinson county for the value of a cow killed in process of dipping under orders of the board of supervisors. This claim was presented under chapter 38, Laws of 1917. It was disallowed by the board, whereupon the appellee filed with the clerk of the board a petition for an appeal from the order. In this petition the clerk is requested "to make and file transcript of my claim and order of the board, returnable to the next session of the circuit court of said county." The clerk sent to the circuit court a record showing the written claim of appellee and the order of the board of supervisors of June, 1918, rejecting the claim. Some months thereafter appellee filed in the circuit court a petition for a writ of *certiorari* addressed to the clerk of the board of supervisors requiring him to send up an alleged unsigned bill of exceptions, which appellee claims was correct and was agreed to be correct by the board of supervisors when his claim was considered and rejected; that this alleged bill of exceptions constitutes a part of the record in the case. The county filed an answer, in which it is admitted that the alleged bill of exceptions had not been signed by the president of the board of supervisors as required by section 80, Code of 1906 (section 60, Hemingway's Code), and denied that this alleged bill of exceptions, was in point of fact a true bill of exceptions, in that it incorrectly incorporated the testimony and proceedings before the board of supervisors. This answer alleged that the president of the bord of supervisors declined to sign it because it was not correct, and that the board had not agreed that it was correct. On a hearing on the petition and answer the court sustained the prayer of the petition and issued the writ. When the unsigned alleged bill of exceptions reached the circuit court, the county made a motion to quash same. This motion was

overruled. Subsequently the case was tried, and a verdict and judgment were rendered in favor of Mr. Tillery. From which judgment this appeal is prosecuted.

It is unnecessary to set out the testimony upon which the verdict was predicated. The appellant assigns as error the action of the court in sustaining the appellee's motion for a writ of *certiorari,* and also in overruling appellant's motion to quash this writ. Both of these assignments are well taken. The petition or motion affirmatively alleges that the alleged bill of exceptions was unsigned, but claimed it to be true and correct because of the fact that the members of the board of supervisors and the president of the board had admitted its correctness. These averments were denied in the answer. The alleged bill of exceptions being unsigned, it devolved upon the plaintiff to prove that it was a true and correct bill of exceptions and had been agreed to as such by the president of the board. This he failed to do. Appellee relies upon the case of *Polk* v. *City of Hattiesburg,* reported in 109 Miss. 872, 69 So. 675, and 110 Miss. 81, 69 So. 1005. In the Polk Case a demurrer was filed to the petition for the writ of *certiorari.* The demurrer admitted that the bill of exceptions, though unsigned, "was filed and considered by the mayor and commissioners, and found to be a correct statement of the facts and decisions in the premises." In response to the suggestion of error on page 85 of 110 Miss., on page 1006 of 69 So., the court said:

"It was not our intention to hold that the circuit court can ascertain for itself whether the proposed bill states the facts and decisions of the board of commissioners, or to dispense with the requirement of the statute that the bill shall be approved by the president of the board of municipal authorities. We simply held and here reiterate that the demurrer in this case admitted that the bill of exceptions in question had, in fact, been tendered to the mayor, and that the mayor had, in fact,

approved the bill as one correctly embodying the facts and decisions of the city commissioners, but that the mayor, upon legal advice, had ·declined to affix his sig-. nature, unless compelled to do so by mandamus. The mental assent of the mayor fixed conclusively the correctness of the bill; there was then nothing further to be done by appellant.''

Since the record fails to show that this unsigned bill of exceptions was in point of fact agreed to as being true and correct, then there is no bill of exceptions embodying the proceedings had before the board of supervisors.

It follows that the judgment of the lower court must be reversed, and the cause dismissed.

*Reversed and cause dismissed.*