GREEN et al. v. BOARD OF SUP'RS OF ADAMS COUNTY.

(Division A. March 29, 1935. Suggestion of Error Overruled June 10, 1935.)

[161 So. 139. No. 31658.]

Luther A. Whittington, of Natchez, and Brunini & Hirsch, of Vicksburg, for appellants.

**Engle & Laub** and **Kennedy & Geisenberger,** all of Natchez, for appellee.

Argued orally by **J. B. Brunini** and **L. A. Whittington**, for appellant, and by **S. B. Laub** and **W. A. Geisenberger**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Adams county validating a proposed series of bonds, amounting to two hundred thousand dollars, to be issued for ferry purposes, under the provisions of chapter 218, Laws 1934, payable only out of the proceeds of the two-mill ad valorem tax levied by section 1 of said act.

Section 1 of the said act of 1934 levies an ad valorem tax of two mills, and authorizes the retention of the receipts of the said two-mill levy out of receipts from the state ad valorem levy, in certain counties therein designated by description, the provisions of the said section being, in part, as follows:

"Be it enacted by the Legislature of the state of Mississippi, That an ad valorem tax of two mills on each dollar of the total assessed valuation of all the taxable property in each county or counties in the state of Mississippi, in which there is located a city or town upon any river or waters which river or water separate two United States highways, which highways are separated by such water but are otherwise connected by the streets of a municipality in said county connecting said highways, except for said water, be and the same is hereby levied on all said taxable property in said county, in or for each year in which the principal of or interest on any bonds or other obligations issued by any municipality or county pursuant to this act becomes due."

In electing to come under the provisions of the said act of 1934, and providing for the issuance of bonds thereunder, the board of supervisors adopted a resolution purporting to find the jurisdictional facts necessary to enable Adams county to avail itself of the provisions of the act, which reads, in part, as follows:

"Whereas, United States Highway 61 passes through Adams county, Mississippi, and the city of Natchez, in which said city there are streets running from said U. S. Highway 61 down to the Mississippi river and to a place on the Mississippi river in the city of Natchez where there is now located and has been for many years established a county ferry; and,

"Whereas, there is in the Parish of Concordia and in the town of Vidalia, United States Highway 65, which U. S. Highway is connected by streets of the town of

Vidalia with the Mississippi river in the town of Vidalia and Parish of Concordia where there is now located and has been for many years established a ferry operating between the town of Vidalia and the city of Natchez; and,

"Whereas, said highways, except for being separated by the said Mississippi river, are otherwise connected by the streets of the said town of Vidalia and the streets of the said city of Natchez; and . . ."

It will be noted that the above-quoted part of section 1 of the act provides that it shall apply only to counties "in which there is located a city or town upon any river or waters which river or water separate two United States highways, which highways are separated by such water but are otherwise connected by the *streets of a municipality in said county connecting said highways, except for said water.*" (Italics supplied.)

In reference to the location of the United States highways, the board of supervisors, in its order electing to come under the provisions of the said act and to issue bonds thereunder, found and adjudged as a fact that United States Highway No. 61 passes through the city of Natchez, in Adams county, which is located on the Mississippi river, and that said highway is connected with said river by streets of the city of Natchez; and that United States Highway No. 65, which runs through the town of Vidalia, parish of Concordia, in the state of Louisiana, is connected with the Mississippi river by the streets of the town of Vidalia, and that "except for being separated by the Mississippi river, these highways are otherwise connected by the streets of the town of Vidalia and the streets of the city of Natchez." This is not a finding by the board that these highways are connected by the streets of the city of Natchez, in said county of Adams, "except for said water," but is an express adjudication that, in order to effect said connection, the streets of a municipality outside of the coun-

ty, and outside of the state, must be called into play or use.

It may be, as to which we express no opinion, that a correct construction of this statute is that a county of this state in which there is located a municipality upon any river or body of water whose streets connect a United States highway with such river or water, may avail itself of the provisions of the act, provided there is a United States highway having direct contact with such water on the opposite shore. But such is not the adjudication of fact by the board of supervisors in this case. On the contrary, the adjudication is that it requires the use of the streets of a municipality in a foreign state over which neither the county nor the municipality located therein has any jurisdiction to secure a connection with another United States highway on the opposite shore, and this adjudicated fact did not entitle Adams county to come under the provisions of the said act, or to issue bonds thereunder.

It is the settled rule in this state that boards of supervisors exercise only limited and special jurisdiction, and that in the exercise of their limited statutory authority all the necessary jurisdictional facts must appear on the record of their proceeding. And an order of the board of supervisors authorizing the issuance of bonds which does not affirmatively show the facts necessary to give the board jurisdiction is void. Bolivar County v. Coleman et al., 71 Miss. 832, 15 So. 107; Lester v. Miller, 76 Miss. 309, 24 So. 193; Craft v. Board of Supervisors of De Soto County, 79 Miss. 618, 31 So. 204; Hinton v. Board of Supervisors of Perry County, 84 Miss. 536, 546, 36 So. 565, 567; Henry et al. v. Board of Supervisors of Sunflower County, 111 Miss. 434, 71 So. 742; Aden v. Board of Supervisors of Issaquena County, 142 Miss. 696, 107 So. 753; Board of Supervisors of Lowndes County v. Ottley, 146 Miss. 118, 112 So. 466; Ferguson v.

Board of Supervisors of Wilkinson County, 149 Miss. 623, 115 So. 779.

The order authorizing the issuance of the bonds here sought to be validated does not affirmatively show facts that would enable Adams county to come under the provisions of the said act of 1934, and confer jurisdiction on the board to issue the bonds, and was therefore void on its face. Upon the hearing of the validation proceedings before the chancellor, there was oral proof which tended to contradict the recitals of the order of the board of supervisors, and to show that United States Highway No. 65 has direct contact with the waters of the Mississippi river in Vidalia, Louisiana; but an order of a board of supervisors authorizing the issuance of bonds, which is void on its face on account of the failure to adjudicate facts necessary to show jurisdiction, cannot be aided by oral proof in a proceeding to validate the proposed bonds. In other words, oral proof before the chancellor in a bond validation proceeding cannot supply the necessary jurisdictional facts that are required to be adjudicated in the order of the board authorizing the issuance of the bonds. And this view is not in conflict with Bryant v. Board of Supervisors of Yalobusha County, 133 Miss. 714, 98 So. 148, wherein it was held that proof may be received to show that an order of the board of supervisors which is regular and valid on its face in fact exceeds the jurisdiction of the board as conferred by a petition therein, which was the sole basis of its jurisdiction. The order of the board of supervisors authorizing the issuance of the proposed bonds is void, and therefore the proceedings to validate the same should have been dismissed.

The decree of the court below will therefore be reversed and the proceedings dismissed.

Reversed and dismissed.