RODGERS, Justice.
This is an appeal from a judgment of the Circuit Court of Marshall County, Mississippi, which sustained a decision of the Board of Supervisors to disregard a petition filed by citizens of that County requesting the Board to hold a second countywide election to determine whether or not Marshall County would continue the Food Stamp Program in cooperation with the United States Department of Agriculture.
The following résumé gives the essential facts and circumstances leading up to this appeal.
The Congress of the United States authorized the Secretary of Agriculture (by Public Law 88-525, 78 Stat. 703) under what is known as the “Food Stamp Act of 1964” to issue coupons to be used to purchase food at private stores. Prior to January 1, 1968, Marshall County, acting through its Board of Supervisors, had cooperated with the Federal Government in administering this program for the benefit of the poor people of Marshall County, Mississippi. In 1967 the recipients of the coupons were advised that the program was about to be discontinued. In order to forestall this contingency, many of the food stamp recipients and qualified electors filed a petition with the Board of Supervisors of Marshall County, Mississippi, requesting the Board to either immediately enter an order continuing the Food Stamp Program for so long as the program is made available by the United States Government, and appropriating the necessary funds for the continuance of said program, or to immediately enter an order setting an election pursuant to Section 3018, Mississippi Code 1942 Annotated (1956), (Mississippi Laws 1922, Chapter 290).
Thereafter, on May 13, 1968, the Board passed the following order:
“RESOLUTION AND ORDER OF THE BOARD OF SUPERVISORS OF MARSHALL COUNTY
“WHEREAS, the Board of Supervisors have met with Merchants and concerned citizens in regard to the Food Stamp Program. And,
“WHEREAS, there is no money in the General County Fund, or any other fund to pay the expense of the Food Stamp Program. And,
“WHEREAS, there have been petitions filed with the Board of Supervisors requesting that the Board call an Election to put a tax on all of the taxable property of Marshall County for the year of 1968 to pay for the expense of the operation of the Food Stamp Program.
“It is hereby ordered that the Clerk of the Board give a copy of this order to the Circuit Clerk and Circuit Clerk shall have the necessary ballots printed, said ballots shall be furnished by the Circuit Clerk to the Election holders June 4, 1968. And on the ballot it shall contain the following wording:
“ ‘We the qualified voters of Marshall County vote and request that if a majority of the people vote in favor of the Food Stamp Program that the Board of Supervisors shall put a tax not to exceed two mills on all taxable property in Marshall County for the year of 1968 as authorized in Section 7352 of the Mississippi Code to pay for the expense of the said program.’
“FOR
“ T vote to put a tax on all taxable property to pay for the Food Stamp Program.’
*915 “AGAINST
“ T am opposed to putting a tax on all taxable property to pay for the Food Stamp Program.’
“So ordered this the 13th day of May, 1968 with the following Supervisors voting for the Resolution and Order, J. C. Totten, E. L. Bolden, J. P. Woods, Odell Wilson and C. R. Pipkin.
“Voting against said resolution and order: None.
“J. P. WOODS,
“President
“(R. 9, 10).”
Notice of the election was published in the South Reporter of Holly Springs, a qualified newspaper circulated in Marshall County, on May 23, and May 30, 1968. The election was duly held in compliance with the order of the Board of Supervisors and it is alleged that the proposition submitted to the electorate failed to carry.
Thereafter, on June 11, 1968, the appellants filed an application for a hearing before the Board so that they could submit objection to the method used in carrying out the election.
On July 1, the Board of Supervisors granted a hearing to the petitioners, at which time they pointed out to the Board that the election was void, because (1) the voters of the county were not given the necessary thirty days! notice required by Section 3018, Mississippi Code 1942 Annotated (1956) and (2) the wording of the proposition required to be printed on the ballot was not a “substantial synopsis of the proposition petitioned for” as required by Section 3019, Mississippi Code 1942 Annotated (1956), in that two propositions were combined on the ballot.
The Board heard these objections to the election and later, the attorney for the Board of Supervisors notified the attorney for the petitioners that the Board of Supervisors intended to abide by the results of the election and voice of the citizens of Marshall County and that “the Board will not take any further action relative to the Food Stamp Program.”
No order was entered upon the minutes of the Board of Supervisors as required by law (Section 2886, Mississippi Code 1942 Annotated [Supp.1968]).
The foregoing facts were duly incorporated in a proper bill of exceptions in the form and manner contemplated by Section 1195, Mississippi Code 1942 Annotated (Supp.1968).
The bill of exceptions was presented to Mr. J. P. Woods, President of the Board of Supervisors, and he was requested to sign the bill on July 9, 1968. Mr. Woods refused to sign or amend the bill “on advice of counsel.” The President of the Board made no objection to the form or contents of the bill of exceptions. The appellants then filed the unsigned bill of exceptions in the Circuit Court in an effort to perfect an appeal to that court.
Subsequently, on July 12, 1968, the appellants filed their motion in the circuit court requesting the circuit court to issue a writ of mandamus commanding J. P. Woods to sign the bill of exceptions previously presented to him. The circuit court combined these two petitions; whereupon, the Board of Supervisors and J. P. Woods made a motion requesting the court to dismiss the petition for writ of mandamus because, it is said, (1) Section 1195, Mississippi Code 1942 Annotated (Supp.1968), is inapplicable for the reason the legality of an election is not determined under this section. Therefore, it contended, the circuit court had no jurisdiction of the matter in either case before the court. The President of the Board of Supervisors did not allege in an answer that the facts stated in the bill of exceptions were incorrect in any respect. Whereupon, the circuit court dismissed both the petition for an appeal upon the unsigned bill of exceptions, and also the petition requesting the circuit court to issue writ of mandamus com *916 manding the President of the Board of Supervisors to sign the bill of exceptions.
The reasons given by the trial judge for this action in dismissing appellants’ petitions were (1) action on the petition filed by the qualified electors before the Board of Supervisors was a matter wholly within the sound discretion of the Board of Supervisors; (2) that Section 1195, Mississippi Code 1942 Annotated (Supp.1968), which was relied upon for an appeal, did not apply, because of the discretionary power of the Board of Supervisors that was sought to be reviewed.
We have given this case a careful study and we have reached the conclusion that the learned trial judge was in error in dismissing the petition and that this case must be reversed for the following reasons:
The undenied allegations in the bill of exceptions show that an election was called by the Board of Supervisors in compliance with the petition of certain “merchants and concerned citizens” to determine whether or not the Food Stamp Program would be continued in Marshall County, Mississippi. This order to call an election was a result of the petition of “concerned citizens” and was held under the authority of Section 3018, Mississippi Code 1942 Annotated (1956).
This Code section is in the following language :
“Elections for county purposes may be ordered by petition of qualified electors.
“Unless otherwise specifically required by law, the board of supervisors of any county shall upon the filing of a petition touching any matter affecting the entire county and over which it has jurisdiction, signed by twenty-five per cent, of the qualified electors of the county, either pass an order putting said proposition in force and effect or immediately submit the same to a vote of the qualified electors of the county, after giving thirty days’ notice of said election, said notice to contain a statement of the proposition to be voted on at said election. If said election shall result in favor of the proposition petitioned for, the board of supervisors, shall pass the necessary order, to put the said proposition in force and effect. In the event the election shall result against the proposition submitted, no other election shall be held on the same, or substantially the same proposition within twelve months of the date of the prior election: Provided that this section shall not apply to the creation of taxing districts.”
The Board of Supervisors contends on appeal that the election was called to “feel the pulse of the county” and was “not intended by the Board as a formal notice nor a formal election.” We reject this contention because the Board of Supervisors may not call an election at county expense to determine by an unofficial vote (straw vote) the will of the electorate “just for their information.” Howe v. State, 53 Miss. 57 (1876). Further the statute is mandatory and no discretion is in the Board except to determine which of the two courses shall be followed, provided the petition is sufficient.
The order recites receipt of the petition and shows it is based on such petition. ' Moreover, the Board had no authority to adt until it had determined by an order spread upon its minutes that it had jurisdiction of the matter, that the petition complied with the statute, and that the requisite number of qualified electors had signed the petition, and in so doing the Board acts judicially. It is the Board’s duty to canvass the names and determine if the petition contains the required number of qualified electors. Coleman v. Board of Supervisors, 216 Miss. 867, 63 So.2d 533, 832 (1953).
The Board entered no order determining the necessary jurisdictional prerequisites required by law in the instant case. The order calling the election did not show the necessary jurisdictional prerequi *917 sites. Moreover, the statute (Section 3018, supra) requires that thirty days’ notice be given “of said election,” but this notice was not given. Therefore, the election was not held in compliance with the statutory law. The order calling the election was void and all steps thereafter taken were void. Martin v. Board of Supervisors of Winston County, 181 Miss. 363, 178 So. 315 (1938); Duggan v. Board of Supervisors of Stone County, 207 Miss. 854, 43 So.2d 566 (1949).
In the case of Green et al. v. Board of Supervisors of Adams County, 172 Miss. 573, 161 So. 139 (1935), it is pointed out that:
“It is the settled rule in this state that boards of supervisors exercise only limited and special jurisdiction, and that in the exercise of their limited statutory authority all the necessary jurisdictional facts must appear on the record of their proceeding. And an order of the board of supervisors authorizing the issuance of bonds which does not affirmatively show the facts necessary to give the board jurisdiction is void. Bolivar County v. Coleman et al., 71 Miss. 832, 15 So. 107; Lester v. Miller, 76 Miss. 309, 24 So. 193; Craft v. Board of Supervisors of De Soto County, 79 Miss. 618, 31 So. 204; Hinton v. Board of Supervisors of Perry County, 84 Miss. 536, 546, 36 So. 565, 567; Henry et al. v. Board of Supervisors of Sunflower County, 111 Miss. 434, 71 So. 742; Aden v. Board of Supervisors of Issaquena County, 142 Miss. 696, 107 So. 753; Board of Supervisors of Lowndes County v. Ottley, 146 Miss. 118, 112 So. 466; Ferguson v. Board of Supervisors of Wilkinson County, 149 Miss. 623, 115 So. 779.
“The order authorizing the issuance of the bonds here sought to be validated does not affirmatively show facts that would enable Adams county to come under the provisions of the said act of 1934, and confer jurisdiction on the board to issue the bonds, and was therefore void on its face. * * * ” (172 Miss. at 579-580, 161 So. at 140).
In the case of Mississippi Power and Light Company v. Mississippi Power District, 230 Miss. 594, 93 So.2d 446 (1957), it is said:
“It is well established that a board of supervisors is a tribunal with limited jurisdiction; that it must adjudicate in its minutes every essential jurisdictional fact; and, unless this is done, it has not jurisdiction to proceed, and any action in such matter is void. * * * ” (230 Miss, at 612, 93 So.2d at 450).
The Board of Supervisors contends that the appellants had no standing to appeal from its decision to “not take any further action relative to the Food Stamp Program,” because their objection was not made and the bill of exceptions taken during the term of the Board at which the order complained of was passed calling an election.
We do not agree with this contention because such reasoning would require' petitioners to object before notice of the election was given. We think this issue was settled in Costas v. Board of Supervisors of Lauderdale County, 198 Miss. 440, 22 So.2d 229 (1945). In the instant case, the objectors filed their objection after the election and within the time required at the next regular meeting of the Board of Supervisors. It is argued, however, that no order was entered by the Board of Supervisors after the election from which an appeal could be taken. If it were true that one could not appeal from a decision of the Board of Supervisors when it refused to enter an order, this would mean, of course, that the Board of Supervisors could legally prevent an appeal from a decision not to take any action upon a petition properly filed before the Board of Supervisors. This contention would be correct if the Board had discretion not to act, but this is not the case in the matter now before the Court.
*918 Unless there is some law enacted by the legislature to the contrary, the Board of Supervisors must act when twenty-five per cent of the qualified electors of the county file a petition with the Board touching matters affecting the entire county. The Board must either put the proposition sought by the electors into effect, or the Board may submit the proposition to a vote of the qualified electors.
The Board has no discretion except the choice expressed in Section 3018, Mississippi Code 1942 Annotated (1956). When such a petition is filed, it becomes the duty of the Board to immediately determine whether or not (1) the petition contains matter affecting the entire county; (2) whether or not it contains the names of twenty-five per cent of the qualified electors of the county; (3) whether or not it is possible for the county to carry into effect the proposition within the legal power of the Board of Supervisors. If the Board determines the issue in the affirmative, the Board must proceed as the statute directs. If the Board determines that the petition is not sufficient on one of the reasons enumerated above, the Board must make such a determination of the issues of record on its minutes. The Board cannot ignore the petition filed by the citizens of the county. In either case, the Board’s judgment must be properly recorded on the minutes of the procedure of the Board in compliance with Section 2886, Mississippi Code 1942 Annotated (Supp.1968).
In the instant case none of the above requirements was performed and the order for the election is absolutely void. It is apparent, therefore, that the petition is still before the Board. Although the Board has attempted to submit the proposition requested by the petitioners to the electorate, the order for the election was void. The Board has not performed its duty as required by Section 3018, Mississippi Code 1942 Annotated (1956).
In the case of Polk v. City of Hattiesburg, 109 Miss. 872, 69 So. 675 (1915), the Mayor of the City of Hattiesburg refused to sign a bill of exceptions presented to him for his signature on advice of the city attorney. It was admitted, however, that the bill of exceptions was correct. On appeal to the circuit court, appellants sought a writ of certiorari to require the Mayor and Board of Commissioners to send up the bill of exceptions tendered to him for his signature. The circuit court refused to issue the writ.
On appeal to this Court we said:
“ * * * We believe that McGee v. Beall, 63 Miss. 455, 457, and Robinson v. Mhoon, 68 Miss. 712, 713, 9 South 887, answer this query in the affirmative. The appellant in this case did all that was in his power to do ‘by preparing and tendering a proper bill to the proper officer, and he ‘ought not to suffer by reason of his the [officer’s] neglect to promptly sign the same.’
“We see no reason why appellant should be forced to pursue the circuitous route of mandamus proceedings, when the entire controversy can be brought directly before the court of review by sending up the bill of exceptions, which confessedly reflects the entire facts and decisions in the tribunal which tried the matters in dispute. The bill of exceptions, if correct, should have been signed, which signature would have been an in-dorsement of its correctness. It is admitted that the bill was correct, and there is no reason why resort should be had to mandamus, which could only accomplish what is here admitted. It will be observed that this was not an appeal by certiorari, but was the use of the writ in aid of a statutory appeal proper, for the purpose of completing the appeal by having the entire record brought into the circuit court.” See also Polk v. City of Hattiesburg, 110 Miss. 80, 69 So. 1005 (1915).
In the case of Wilkinson County v. Tillery, 122 Miss. 515, 84 So. 465 (1920), the President of the Board of Supervisors re *919 fused to sign a bill of exceptions. The appellant filed a petition in the circuit court requesting the court to grant a writ of cer-tiorari to require the Board to send up the unsigned bill of exceptions. The Board of Supervisors, acting for the county, contested the petition for certiorari upon the ground that the bill of exceptions was not correct, and alleged that the Board did not agree that the bill of exceptions was correct. The trial court nevertheless granted the writ and when the unsigned bill of exceptions was presented to the circuit court the county made an additional motion to quash the bill of exceptions, but the motion was overruled. The trial of the case on its merits resulted in a judgment in favor of Mr. Tillery. The county appealed. This Court held that where the correctness of an unsigned bill of exceptions was contested, “it devolved upon the plaintiff to prove that it was a true and correct bill of exceptions, and had been agreed to as such by the president of the board.”
In the case of Reed v. Adams, 236 Miss. 333, 111 So.2d 222 (1959), this Court pointed out that:
“The general rule with respect to bills of exceptions when presented to the proper official for signature appears to be that such officer or official cannot arbitrarily refuse to sign and return the bill of exceptions merely because he deems the same to be incorrect, but that it is his duty to point out where he deems the same to be incorrect, and to note his corrections thereon, and to sign the same as corrected. In 4A C.J.S. Appeal and Error § 846, page 742, is the following:
“ ‘The trial judge may not arbitrarily refuse a proposed bill of exceptions which is inaccurate or defective, but the judge should return the bill with reasons for his refusal, and should propose corrections to be made, or should himself make such corrections before settling and signing the bill.’
<( ;|c * Jj<
“ * * * The right of appeal under the statute is a valuable right and it is not the policy of the law to deny to a litigant a valuable right except upon justifiable grounds. We do not think such grounds are present in this case.”
In the case of Stewart v. City of Pascagoula, 206 So.2d 325 (Miss.1968), we again pointed out:
“ * * * that if the mayor deemed incorrect the bill of exceptions presented to him, he was under an implied duty to point out wherein he deemed the same incorrect, so that the aggrieved parties might have an opportunity to amend the same, and then to sign the same as corrected. * * * ”
In the instant case, the County did not contest the allegations in the bill of exceptions, but proceeded upon the theory that even if the allegations in the bill of exceptions were true, the Board of Supervisors had discretion to accept or reject the petition and for that reason the petitioners had no standing to make an application for mandamus to require the President of the Board of Supervisors to sign the bill of exceptions.
The true rule, however, is that where an administrative officer or commission has discretion in the matter, mandamus may compel the inferior tribunal to act, but the writ cannot control its discretion or dictate the discretion of the agency. Powe v. Forrest County Election Commission, 249 Miss. 757, 163 So.2d 656 (1964).
It is true that there is no order of record on the minutes of the Board of Supervisors denying the objections of the citizens to the void election, but the bill of exceptions states that the Board refused to “take any further action relative to the Food Stamp Program.” Does this fact prevent the right of an appeal by bill of exceptions? We are of the opinion that the failure of the Board of Supervisors to enter an order does not prevent such an ap *920 peal under the authority of Section 1195, Mississippi Code 1942 Annotated (Supp. 1968).
In the case of Grenada County v. City of Grenada, 168 Miss. 68, 150 So. 655 (1933), it was discovered for the first time, on appeal to the circuit court, that when the Board of Supervisors denied the claim of the city, the Board failed to enter an order to this effect. The county, on appeal to this Court from an adverse judgment, contends that the circuit court was without jurisdiction because the action of the Board of Supervisors disallowing the claim was not evidenced by order entered on the minutes and embodied in the bill of exceptions. This Court held that when one proceeds by bill of exceptions which recites that the claim was rejected, this is sufficient.
To hold that the Board of Supervisors had discretion to ignore the petition of the citizens of the county and to refuse to put its decision on its minutes and that the President of the Board had discretion to contend that he was not required to sign a bill of exceptions and thus prevent an appeal from the Board’s arbitrary action by refusing to perform the ministerial act of signing the bill of exceptions is no less than tyrannical and is certainly a denial of due process of law. The policy of the legislature of this state is to grant an appeal even when an officer fails to comply with ministerial acts in perfecting such an appeal. Section 1959, Mississippi Code 1942 Annotated (1956).
We hold, therefore, that the circuit court had jurisdiction of the appeal and that the court should have required, either by writ of mandamus, that the President of the Board of Supervisors perform the ministerial act of correcting and signing the bill of exceptions, or the court should have proceeded to try the issue upon the bill of exceptions, inasmuch as the bill of exceptions stood undenied.
We are of the opinion that the judgment of the circuit court must be reversed, and since it was the duty of the circuit court to have entered the judgment which the Board of Supervisors should have entered (Section 1195, Mississippi Code 1942 Annotated [Supp.1968]), now it becomes our duty to enter the judgment which the circuit court should have entered (Section 1962, Mississippi Code 1942 Annotated [1956]), we therefore hold: (1) The appeal to the circuit court was perfected and the circuit court had jurisdiction to have passed upon the facts authorized in the bill of exceptions; (2) the circuit court should have found that the order for an election as passed by the Board of Supervisors was void and that the original petition filed by the citizens of Marshall County, Mississippi is a pending matter to be acted upon by the Board of Supervisors to comply with the duty imposed upon the Board by the express language of Section 3018, Mississippi Code 1942 Annotated (1956).
In other words, we hold that it is necessary to start again with the petition as if it had never been considered. Everything done relative to holding an election was void, inasmuch as the order calling the election was void and there was no basis upon which to rest the election. Questions not mentioned herein are pretermitted.
The judgment of the circuit court is hereby reversed and this cause is remanded to the Board of Supervisors for further consideration and proceedings to accord with the foregoing opinion.
Reversed and remanded with directions.
ETHRIDGE, C. J., and JONES, BRADY anud INZER, JJ., concur.