## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1998-CA-01530-SCT

*GLENN R. TRIPLETT*

*v.*

*THE MAYOR AND BOARD OF*

*ALDERMEN OF THE CITY OF*

*VICKSBURG, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/28/1998 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | E. SCOTT VERHINE |
| ATTORNEY FOR APPELLEES: | WALTERINE LANGFORD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 02/17/2000 |
| MOTION FOR REHEARING FILED: | 3/2/2000; denied 6/1/2000 |
| MANDATE ISSUED: | 6/8/2000 |

## EN BANC.

## WALLER, JUSTICE, FOR THE COURT:

¶1. This appeal arises from the dismissal of a bill of exceptions filed in the Warren County Circuit Court. We reverse the dismissal of the bill of exceptions and remand for a determination of whether Glenn R. Triplett should be allowed to amend the bill to cure any alleged deficiencies.

### STATEMENT OF THE CASE

¶2. On July 10, 1997, the Mayor and Board of Aldermen of Vicksburg held a meeting wherein it was decided, inter alia, that the City should clean up the property of Glenn R. Triplett located at 2132 Cherry Street in Vicksburg, because the property posed a public health and safety hazard. Charges for the cleaning of the property were to be assessed against Triplett. Triplett was present at the meeting, where he was given the opportunity to respond to the City's proposal before a decision was made. The records of the meeting indicate that "Triplett . . . [did] not see the urgency in cleaning up his property . . . [and w]hen you do this over a period of nineteen years it is hard to go out there and organize it and relocate it in a matter of thirty or sixty days." The minutes of the meeting also show that the City Building Inspector introduced

certain photographs at the meeting. However, Triplett suggested that the photographs were of another piece of property, and not that at 2132 Cherry Street.

¶3. Dissatisfied with the City's order to have the property cleaned and tax Triplett with the costs, Triplett filed a notice of appeal of the Mayor and Board of Aldermen's decision, along with a designation of the record, with the Warren County Circuit Clerk on July 18, 1997. Triplett also filed a Bill of Exceptions/Assignment of Errors on July 18, 1997, which was prepared and filed by Triplett without the aid of an attorney. The bill of exceptions contains general allegations that the Board's decision was not supported by substantial, credible evidence; that the ruling was arbitrary and capricious, beyond the power of the Mayor and Board since proper procedure was not followed and proper notice was not given to Triplett; and that the provisions for appeal in the City ordinance are inadequate according to the Mississippi Rules of Civil Procedure and violate due process.

¶4. The Vicksburg Mayor and Board of Aldermen filed a motion to dismiss the bill of exceptions on September 10, 1997, alleging that the bill of exceptions and the appeal of Triplett were deficient in "form and manner required by the applicable law and rules." Over nine months later, on June 12, 1998, a hearing was set. The hearing was reset for July 16, 1998, after Triplett's attorney requested a continuance. After a short hearing on July 16, the judge ruled from the bench that the statutory procedures had not been followed and the bill of exceptions was deficient and should be dismissed. The judge specifically noted that the mayor had not signed the bill of exceptions, nor had the actual minutes of the meeting been filed; the judge found that those deficiencies made the bill of exceptions did not strictly comply with the statute as required by law. After the circuit court dismissed the bill of exceptions, Triplett appealed to this Court, raising two assignments of error:

> **I. The case should be remanded for the trial court to consider whether the taxpayer (Triplett) has the right to request an amendment to his Bill of Exceptions pursuant to Miss. Code Ann. § 99-17-45.**

¶5. Miss. Code Ann. § 99-17-45 (1994) provides:

> Bills of exception, with the approval of the trial judge, may be amended at any time before the hearing on appeal, for the purpose of curing omissions, defects, or inaccuracy; but no such amendment shall be made until the parties interested shall have been given five days' notice of such proposed amendment.

This same statutory language is also found in Miss. Code Ann. § 11-7-211 (1972).

¶6. Further, the Mississippi Court of Appeals has held that "[w]hen an appropriate official deems incorrect the bill of exceptions presented to him, the official is under an implied duty to point out the alleged errors 'so that the aggrieved part[y] might have an opportunity to amend the [bill], and then to sign the same as corrected.'" *J.H. Parker Constr. Co. v. Board of Aldermen of the City of Natchez*, 721 So. 2d 671, 675 (Miss. Ct. App. 1998) (citing *Gill v. Woods*, 226 So. 2d 912, 919 (Miss. 1969); *Reed v. Adams*, 236 Miss. 333, 111 So. 2d 222, 225 (1959)).

¶7. Vicksburg responds that Triplett had notice that his bill of exceptions was deficient when the City filed its motion to dismiss in September of 1997. Vicksburg contends that Triplett could have amended or made motion to amend his bill of exceptions from that time until the hearing in July of 1998, over nine months

later, yet failed to do so. In support of its proposition, Vicksburg cites *Stewart v. City of Pascagoula*, 206 So. 2d 325 (Miss. 1968), wherein this Court upheld the dismissal of a deficient bill of exceptions. However, in that case, the Mayor had instructed the petitioner of the deficiencies of his bill of exceptions, but the petitioner failed to amend and proceeded to trial under the deficient bill. *Id.* at 327-28. In this case, the City never adequately informed Triplett of the precise deficiencies in his bill to allow him to amend them.[(1)]

¶8. At the hearing on the motion to dismiss, Triplett, through his attorney, orally requested that the judge allow him to amend his bill of exceptions to comply with statutory requirements, which the trial judge denied in dismissing the bill of exceptions. While it is true that Triplett could have further investigated the supposed deficiencies and/or his attorney could have presented an amended bill of exceptions for the trial judge's review, the statute allows for amendment any time prior to the hearing on appeal. Since there was no hearing on the merits of the appeal, but only a hearing on the motion to dismiss, the statute requires that Triplett, with notice to the City, be given leave to amend his bill of exceptions to cure the defects so that his appeal can proceed. This case is remanded to allow Triplett to amend his bill of exceptions.

### II. Miss. Code Ann. § 11-51-75 is unconstitutional on its face because it violates Due Process required by the United States Constitution.

¶9. This Court has long held that it will not consider matters raised for the first time on appeal. *See Shaw v. Shaw*, 603 So. 2d 287, 292 (Miss. 1992). Triplett's bill of exceptions does allege that "provisions for appeal contained in the city ordinance . . . constitute a lack of due process of law in violation of the Complaintant/Appellant's constitutional rights." However, his bill of exceptions refers to a city ordinance, not a Mississippi Code section, and the issue was not considered or ruled on by the trial court. Therefore, that the issue is procedurally barred.

### CONCLUSION

¶10. The judgment of the Warren County Circuit Court dismissing the bill of exceptions is reversed, and this case is remanded for consideration of amendment of the bill of exceptions to allow Triplett to cure the defects in the bill and for further proceedings consistent with this opinion.

¶11. **REVERSED AND REMANDED.**

### PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.

1. The City's motion to dismiss contains only the general allegation that the bill of exceptions "was not filed in form and manner required by the applicable law and rules, and due to the passage of time, Appellant is deemed to have abandoned his appeal."