GREEN et al. v. BOARD OF SUP'RS OF ADAMS COUNTY.

(Division A. Sept. 23, 1935.)

[163 So. 121. No. 31857.]

Luther A. Whittington, of Natchez, and Brunini & Hirsch, of Vicksburg, for appellant.

W. A. Geisenberger and Engle & Laub, all of Natchez, for appellee.

Argued orally by **J. B. Brunini**, and **L. A. Whittington**, for appellant, and by **W. A. Geisenberger**, for appellee.

**Cook, J.**, delivered the opinion of the court.

At its regular October, 1934, meeting, the board of supervisors of Adams county, Miss., in an attempt to avail itself of the provisions of chapter 218, Laws 1934, passed a resolution authorizing and directing the issuance of bonds to be used to provide ferry service over the Mississippi river between Natchez, Miss., and Vidalia, La. In a proper proceeding· instituted for that purpose, a decree was entered in the chancery court of Adams county validating the proposed bonds, and from that decree there was an appeal to this court. In an opinion reported in (Miss.) 161 So. 139, wherein the cause is styled Green et al. v. Board of Supervisors of Adams County, it was held that the decree validating the proposed bonds was erroneous for the reason that the resolution of the board of supervisors authorizing and directing the issuance of the bonds failed to adjudicate a fact necessary to authorize Adams county to avail itself of the provisions of said chapter 218, and to issue bonds thereunder. In the former opinion, referred to above, the pertinent provision of chapter 218, Laws 1934, is quoted, and the omission of a necessary jurisdictional fact is pointed out and fully discussed, and further reference to that point is here unnecessary.

After the aforesaid validation proceeding was dismissed, and at its regular May, 1935, meeting, the board

of supervisors proposed to adopt a further resolution undertaking to come under the provisions of the said chapter 218, Laws 1934, and proposing to issue two hundred thousand dollars of bonds for ferry purposes, as authorized by said chapter. At this meeting the appellants, citizens and taxpayers of Adams county, appeared and filed written objections to the issuance of the proposed bonds; the principal objections being that Adams county could not lawfully be brought under the provisions and terms of said act for the reasons: First, that it "is not a county in the state of Mississippi in which there is located a city or town upon any river or waters which river or water separates two U. S. highways, which highways are separated by such water but are otherwise connected by the streets of a municipality in said county connecting said highways, except for said water;" and, second, that there is no other ferry, within the meaning of said chapter 218, Laws 1934, located in whole or in part in the county of Adams.

In elaboration of the last objection stated above, the objectors set forth that under "said act the right to issue bonds or to engage in any of the things set forth in said act, and to particularly engage in operating or contracting to operate a ferry, is specifically limited to a county in which there is located and situated, in whole or in part, a ferry under the control and jurisdiction of the board of supervisors of said county," and that "there has never been and is not now any ferry in Adams county under the control and jurisdiction of the board of supervisors of said county." It was further alleged that the only ferry in Adams county lies wholly within the jurisdictional limits of the city of Natchez in Adams county, and is under the sole and exclusive jurisdiction of the mayor and board of aldermen of the city of Natchez and has been from time immemorial; that the city of Natchez owns the landing place and the land on which said ferry is operated from Natchez to Vidalia; that

the county of Adams has no control or jurisdiction over said ferry or ferry landing, and that it owns no landing place for a ferry and has never exercised any control or jurisdiction over any ferry; and that for that reason the board of supervisors of said county is without any authority or power to issue bonds of said county for ferry purposes, or to accept or adopt the levy of any tax to pay or retire said bonds.

After the introduction of evidence in support of these objections, the board of supervisors overruled them, and adopted a resolution electing to come under the provisions of said chapter 218, Laws 1934, and ordering the issuance and sale of serial bonds in the principal amount of two hundred thousand dollars for ferry purposes, as authorized in said act. In this resolution it was expressly adjudicated that United States Highway 61 passes through Adams county, Miss., and the city of Natchez, in which said city there are streets running from said United States Highway 61 down to the Mississippi river and to a place on the Mississippi river in the city of Natchez where there is now situated and located a county ferry, and that United States Highway 61, and United States Highway 65 which is located in Concordia parish in the state of Louisiana, "are separated by said Mississippi river but are otherwise connected by the streets of the city of Natchez."

Upon the adoption of the resolution by the board of supervisors, the objectors appealed, by bill of exceptions, to the circuit court, where the appeal was dismissed and the action of the board of supervisors ordering the issuance of the bonds was affirmed. From this judgment of the circuit court an appeal was prosecuted to this court.

On the same day that the board of supervisors adopted the resolution authorizing the issuance of said bonds, it also adopted an order reading as follows: "That the public ferry now plying from Silver Street

in Natchez, Adams County, Miss., to the Town of Vidalia in Concordia Parish, La., and transporting persons, vehicles and freight across the Mississippi River between said points, or points approximate thereto, be confirmed and established as a county public ferry, and that the equipment used therein and the fees and charges made for ferriage and the other conditions and regulations controlling said ferry or ferries, be the same as laid down and adopted by a certain Ordinance of the City of Natchez, Mississippi, on June 16, 1924, in so far as such regulations and conditions in said Ordinance are legal.''

The record on the former appeal and the bill of exceptions on this appeal show that the only ferry situated and located in Adams county is a ferry owned and operated by a private corporation under a franchise granted and contract executed by the city of Natchez; that the said ferry is operated from a landing and wharf established and owned by the city at the foot of Ferry or Silver street in said city, and is operated under rules, regulations, schedules, and charges set forth in the aforesaid franchise and contract, and in ordinances of the city of Natchez. It was further shown that Adams county owned no landing on the Mississippi river from which a ferry might be operated; that the only ferry in Adams county was located in Natchez and wholly within the limits of the city of Natchez; and it was admitted, as set forth in the bill of exceptions, that the mayor and board of aldermen of the city of Natchez had not surrendered its rights in or control of the said ferry, and that until the passage of the order quoted above, the board of supervisors of Adams county had never acted in the exercise of any authority by the county over said ferry.

The finding of fact as to the location of United States Highway 65 in Louisiana and the means of connection thereof with United States Highway 61 in Mississippi,

as set forth in the resolution of the board of supervisors which is involved in the case at bar, is in conflict with the former adjudication upon that point, and on this appeal the appellants assign two grounds for the reversal of the judgment of the court below: First, that the previous finding of the board of supervisors of the jurisdictional fact as to the location of United States Highway 65 on this point is now res judicata; and, second, that the record discloses that there is not now, and never has been, a "county ferry" in Adams county, and therefore chapter 218, Laws 1934, is inapplicable, and the county cannot avail of the provisions thereof.

In view of the conclusion we have reached on the second of the above-stated contentions of appellants, it will be unnecessary to discuss the first. Section 3, chapter 218, Laws 1934, provides, in part, as follows: "That the authorities of any county in which there is situated and located, in whole or in part, a county ferry, are hereby given the authority to engage in, either directly or through the commission hereinafter provided and designated and such other agencies as hereafter may be provided by law, promoting, developing, constructing, maintaining, and operating or contract to have operated a ferry or ferries and ferry service within the county and its jurisdiction, and to the opposite shore of an adjoining county or state."

Under this provision of this statute a county in which there is not a "county ferry" cannot come under the act, or issue bonds for the purpose of promoting, developing, constructing, maintaining, and operating, or contracting to have operated, a ferry or ferries and ferry service within the county and its jurisdiction. It remains then only to determine whether, under the facts above stated, the municipal ferry located within the territorial limits of the city of Natchez, and under the exclusive supervision and control of the municipal authorities of the city of Natchez, is a "county ferry"

within the meaning of the said chapter 218. Appellants contend that the words "county ferry," as used in this act, mean a ferry owned, operated and controlled by the county seeking to avail of the provisions of the act, while appellee contends that these words simply mean a ferry located within the territorial limits of the county, or in other words that the act is applicable to any county wherein there is located a ferry of any character or description, whether owned, operated, supervised, or controlled by such county or not. We do not think these words are susceptible to the construction contended for by appellee. Under chapter 113, Code 1930 (section 4678 et seq.), the board of supervisors is authorized to establish and license toll ferries, fix the toll, and exercise general supervision and control over such ferries, and a ferry so established and licensed would properly come within the designation of a county ferry; but a ferry established, licensed, and under the exclusive supervision and control of a municipality is in no sense a county ferry. The only ferry in Adams county is located wholly within the city of Natchez, and was established and licensed by that municipality and is operated exclusively under the supervision and control of the municipality. It is admitted that the city of Natchez has never surrendered in any way its rights in or control of said ferry, and the board of supervisors could not appropriate this municipal ferry, and oust the municipal authorities of their rights in and the control thereof, and convert it into a county ferry, by a mere order declaring the municipal ferry to be a county ferry. The right to issue bonds under the authority of the said chapter 218 is strictly limited to counties in which there is located a county ferry, and under the facts shown in this record Adams county does not come within the class that is permitted thereby to issue bonds for ferry purposes.

The judgment of the court below will therefore be

reversed, the objections to the issuance of the bonds sustained, and the proceeding dismissed.

Reversed and dismissed.